UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
AT TUCSON

PASCUA YAQUI TRIBE; QUINAULT )
INDIAN NATION; FOND DU LAC BAND )
OF LAKE SUPERIOR CHIPPEWA; )
MENOMINEE INDIAN TRIBE OF )
WISCONSIN; TOHONO O'ODHAM )
NATION; and BAD RIVER BAND OF )
LAKE SUPERIOR CHIPPEWA, )
                                         )
          Plaintiffs, )
                                         )     Case No. 4:20-cv-00266-RM
v. )
                                       )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY; ANDREW )
WHEELER, in his official capacity as )
Administrator of the United States )
Environmental Protection Agency; )
UNITED STATES ARMY CORPS OF )
ENGINEERS; and R.D. JAMES, in his official )
capacity as Secretary of the Army for Civil Works, )
                                       )
          Defendants. )

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

      Pursuant to Federal Rule of Civil Procedure 8, Defendants the United States

Environmental Protection Agency ("EPA"); Andrew Wheeler, in his official capacity as

Administrator of the EPA; the Department of the Army, U.S. Army Corps of Engineers

("Corps"); and R.D. James, in his official capacity as Assistant Secretary of the Army for Civil

Works (collectively "Federal Defendants"), answer the Complaint (ECF No. 1) filed by

Plaintiffs Pascua Yaqui Tribe, et al. in the above-captioned case. The headings and subheadings

within the Complaint do not contain allegations that require a response. To the extent a response

is required, the allegations contained in the headings and subheadings are denied.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 1

1    1.    The allegations in Paragraph 1 characterize the Clean Water Act ("CWA"),

2  which speaks for itself and is the best evidence of its contents.  To the extent the allegations are

3  inconsistent with the Act, Federal Defendants deny them.

4    2.    The allegations in Paragraph 2 contain statements of opinion to which no

5  response is required.

6    3.    The allegations in Paragraph 3 characterize Plaintiffs' requests for relief

7  contained in the Complaint, to which no response is required.

8    4.    The allegations in Paragraph 4 are legal conclusions to which no response is

9  required.

10    5.    The allegations in Paragraph 5 characterize Plaintiffs' request for relief

11  contained in the Complaint and contain legal conclusions to which no response is required.

12    6.    The allegations in Paragraph 6 characterize Plaintiffs' request for relief

13  contained in the Complaint, to which no response is required.

14    7.    Federal Defendants admit that Plaintiff Pascua Yaqui Tribe is a federally-

15  recognized Tribe.  The remaining allegations in Paragraph 7 characterize Plaintiff Pascua Yaqui

16  Tribe, and Federal Defendants lack knowledge or information sufficient to form a belief as to

17  the truth of such allegations.

18    8.    Federal Defendants admit that Plaintiff Quinault Tribe is a federal-recognized

19  Tribe.  The remaining allegations in Paragraph 8 characterize Plaintiff Quinault Tribe, and

20  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of

21  such allegations.

22    9.    Federal Defendants admit that Plaintiff Menominee Indian Tribe of Wisconsin is

23  a federally-recognized Tribe.  The remaining allegations in Paragraph 9 characterize Plaintiff

24  Menominee Indian Tribe of Wisconsin, and Federal Defendants lack knowledge or information

25  sufficient to form a belief as to the truth of such allegations.

26    10.    Federal Defendants admit that Plaintiff Fond du Lac Band of Lake Superior

27  Chippewa is a federally-recognized Tribe.  The remaining allegations in Paragraph 10

28  characterize Plaintiff Fond du Lac Band of Lake Superior Chippewa, and Federal Defendants

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

lack knowledge or information sufficient to form a belief as to the truth of such allegations.

11.     Federal Defendants admit that Plaintiff Tohono O'odham Nation is a federally-recognized Tribe.  The remaining allegations in Paragraph 11 characterize Plaintiff Tohono O'odham Nation, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

12.     Federal Defendants admit that Plaintiff Bad River Band of Lake Superior Chippewa is a federally-recognized Tribe.  The remaining allegations in Paragraph 12 characterize Plaintiff Bad River Band of Lake Superior Chippewa, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

13.     The allegations in Paragraph 13 characterize Plaintiffs, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

14.     As to the allegations in Paragraph 14, Federal Defendants admit that EPA is a federal agency of the United States and that it administers provisions of the Clean Water Act. Federal Defendants admit that EPA and the Corps (collectively, the "Agencies") jointly issued "Definition of 'Waters of the United States' – Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule") and "Navigable Waters Protection Rule:  Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (April 21, 2020) ("2020 Rule").

15.     As to the allegations in Paragraph 15, Federal Defendants admit that the Corps is a federal agency of the United States, and aver that the Corps is a direct reporting unit within the Department of the Army within the Department of Defense.  Federal Defendants admit that the Corps administers certain provisions of the Clean Water Act.  Federal Defendants admit that EPA and the Corps jointly issued the 2019 Rule and the 2020 Rule.

16.     The allegations in the first and third sentences of Paragraph 16 are legal conclusions to which no response is required.  The allegations in the second sentence are statements of opinion and legal conclusions to which no response is required.

17.     The allegations in Paragraph 17 are vague and contain statements of opinion and legal conclusions to which no response is required.

18.     The allegations in Paragraph 18 are vague and contain statements of opinion and

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 3

1

legal conclusions to which no response is required.

2

       19.      The allegations in Paragraph 19 are vague and contain statements of opinion and

3

legal conclusions to which no response is required.

4

       20.      The allegations in Paragraph 20 are vague and contain statements of opinion and

5

legal conclusions to which no response is required.

6

       21.      The allegations in Paragraph 21 are vague and contain statements of opinion and

7

legal conclusions to which no response is required.

8

       22.      The allegations in Paragraph 22 are legal conclusions to which no response is

9

required.

10

       23.      The allegations in Paragraph 23 are legal conclusions to which no response is

11

required.

12

       24.      The allegations in Paragraph 24 are legal conclusions to which no response is

13

required.

14

       25.      The allegations in Paragraph 25 are legal conclusions to which no response is

15

required.

16

       26.      The allegations in Paragraph 26 characterize the Clean Water Act, which is the

17

best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal

18

Defendants deny them.

19

       27.      The allegations in Paragraph 27 characterize the Clean Water Act, which is the

20

best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal

21

Defendants deny them.

22

       28.      The allegations in Paragraph 28 characterize the Clean Water Act, which is the

23

best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Federal

24

Defendants deny them.

25

       29.      The allegations in Paragraph 29 are statements of opinion and legal conclusions

26

to which no response is required.

27

28

       30.      The allegations in Paragraph 30 contain legal conclusions, and characterize

1
2
3

several legislative reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those reports, Federal Defendants deny them.

4
5
6
7

31.     The allegations in Paragraph 31 contain statements of opinion and legal conclusions, and characterize a Senate Report, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Senate Report, Federal Defendants deny them.

8
9
10
11

32.     The allegations in Paragraph 32 contain statements of opinion and legal conclusions, and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the notice, Federal Defendants deny them.

12
13
14
15

33.     The allegations in Paragraph 33 contain legal conclusions to which no response is required, and characterize various court decisions, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those decisions, Federal Defendants deny them.

16
17
18
19
20
21

34.     The allegations in Paragraph 34 contain legal conclusions, to which no response is required, and characterize *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2001) ("*SWANCC*") and *Rapanos v. United States*, 547 U.S. 715 (2006) ("*Rapanos*"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with *SWANCC* or *Rapanos*, Federal Defendants deny them.

22
23
24

35.     The allegations in Paragraph 35 characterize *Rapanos,* which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with *Rapanos*, Federal Defendants deny them.

25
26
27

36.     The allegations in Paragraph 36 characterize unidentified court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those decisions, Federal Defendants deny them.

28

37.     The allegations in Paragraph 37 are legal conclusions to which no response is

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 5

required.

38.     The allegations in Paragraph 38 are legal conclusions to which no response is required, and characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the APA, Federal Defendants deny them.

39.     Federal Defendants admit that the Agencies issued a proposal entitled "Definition of 'Waters of the United States' Under the Clean Water Act," 79 Fed. Reg. 22,188 (April 21, 2014) ("Proposed 2015 Rule").

40.     The allegations in Paragraph 40 characterize the Proposed 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Proposed 2015 Rule, Federal Defendants deny them.

41.     The allegations in Paragraph 41 characterize "Connectivity of Streams and Wetlands to Downstream Waters:  A Review and Synthesis of the Scientific Evidence" ("Connectivity Report"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

42.     The allegations in Paragraph 42 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

43.     The allegations in Paragraph 43 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

44.     The allegations in Paragraph 44 characterize a 2015 Science Advisory Board document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Science Advisory Board document, Federal Defendants deny them.

45.     The allegations in Paragraph 45 characterize the Proposed 2015 Rule and the

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 6

1

2

2015 Rule, which speak for themselves and are the best evidence of their contents.  To the

extent the allegations are inconsistent with the Proposed 2015 Rule and the 2015 Rule, Federal

3

Defendants deny them.

4

5

46.     With regard to the allegations in Paragraph 46, Federal Defendants admit that the

Agencies issued the 2015 Rule and it was published on June 29, 2015.  The allegations in

6

Paragraph 46 characterize the 2015 Rule, which speaks for itself and is the best evidence of its

7

contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants

8

deny them.

9

47.     The allegations in Paragraph 47 characterize the 2015 Rule, which speaks for

10

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

11

the 2015 Rule, Federal Defendants deny them.

12

48.     The allegations in Paragraph 48 characterize the Connectivity Report and the

13

14

"Technical Support Document for the Clean Water Rule:  Definitions of Waters of the United

States," which speak for themselves and are the best evidence of their contents. To the extent

15

the allegations are inconsistent with those documents, Federal Defendants deny them.

16

49.     The allegations in Paragraph 49 characterize the 2015 Rule, which speaks for

17

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

18

the 2015 Rule, Federal Defendants deny them.

19

50.     The allegations in Paragraph 50 characterize the Connectivity Report and the

20

2015 Rule, which speak for themselves and are the best evidence of their contents.  To the

21

extent that the allegations are inconsistent with the Connectivity Report or the 2015 Rule,

22

Federal Defendants deny them.

23

51.     The allegations in Paragraph 51 characterize the Connectivity Report, which

24

speaks for itself and is the best evidence of its contents.  To the extent the allegations are

25

inconsistent with the Connectivity Report, Federal Defendants deny them.

26

52.     The allegations in Paragraph 52 characterize the 2015 Rule, which speaks for

27

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

28

the 2015 Rule, Federal Defendants deny them.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 7

1

2

3

53.     The allegations in Paragraph 53 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

4

5

6

54.     The allegations in Paragraph 54 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

7

8

9

10

11

12

13

14

55.     With regard to the allegations in Paragraph 55, Federal Defendants admit that EPA issued "Consolidated Permit Regulations; RCRA Hazardous Waste; SDWA Underground Injection Control; CWA National Pollutant Discharge Elimination System; CWA Section 404 Dredge or Fill Programs; and CAA Prevention of Significant Deterioration," 45 Fed. Reg. 33,290 (May 19, 1980) ("Permit Regulations Rule").  The allegations in Paragraph 55 contain legal conclusions, to which no response is required, and characterize the Permit Regulations Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Permit Regulations Rule, Federal Defendants deny them.

15

16

17

18

19

56.     With regard to the allegations in Paragraph 56, Federal Defendants admit that EPA issued a "Suspension of portion of final rule," 45 Fed. Reg. 48,620 (July 21, 1980).  The allegations in Paragraph 56 characterize that document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, Federal Defendants deny them.

20

21

22

57.     The allegations in Paragraph 57 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

23

24

25

26

58.     As to the allegations in Paragraph 58, Federal Defendants admit that Executive Order 13,778 was issued on February 28, 2017.  The allegations characterize the Executive Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Executive Order, Federal Defendants deny them.

27

28

59.     Federal Defendants admit that the Agencies issued "Definition of 'Waters of the United States' – Recodification of Pre-Existing Rules," 82 Fed. Reg. 34,899 (July 27, 2017)

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 8

1

("Proposed Repeal Rule").

2

60.     As to the allegations in Paragraph 60, Federal Defendants admit that the

3

Agencies issued "Definition of 'Waters of the United States' – Recodification of Existing

4

Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule").  The allegations in Paragraph 60

5

characterize the Proposed Repeal Rule and the 2019 Rule, which speak for themselves and are

6

the best evidence of their contents.  To the extent the allegations are inconsistent with the

7

Proposed Repeal Rule and the 2019 Rule, Federal Defendants deny them.

8

61.     Federal Defendants admit the allegations in Paragraph 61.

9

62.     The allegations in Paragraph 62 contain statements of opinion and legal

10

conclusions to which no response is required.  The allegations in Paragraph 62 also characterize

11

the 2019 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the

12

allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

13

63.     With regard to the allegations in first sentence in Paragraph 63, Federal

14

Defendants admit that the Agencies issued "Revised Definition of 'Waters of the United

15

States,'" 84 Fed. Reg. 4154 (Feb. 14, 2019) ("Proposed 2020 Rule"), and that the 2019 Rule

16

was published on October 22, 2019.  The remaining allegations in Paragraph 63 contain

17

statements of opinion and legal conclusions to which no response is required and appear to

18

characterize the Proposed 2020 Rule, which speaks for itself and is the best evidence of its

19

contents.  To the extent the allegations are inconsistent with the proposed 2020 Rule, Federal

20

Defendants deny them.

21

64.     As to the allegations in Paragraph 64, Federal Defendants admit that the

22

Proposed 2020 rule was published on February 14, 2019.

23

65.     As to the allegations in Paragraph 65, Federal Defendants admit that comments

24

were submitted regarding the Proposed 2020 Rule.  The allegations characterize those

25

comments, which speak for themselves and are the best evidence of their contents.  To the

26

extent the allegations are inconsistent with those comments, Federal Defendants deny them.

27

66.     Federal Defendants admit the 2020 Rule was published on April 21, 2020, and

28

aver that it was effective on June 22, 2020, except in Colorado.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 9

67.     The allegations in Paragraph 67 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

68.     The allegations in Paragraph 68 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

69.     The allegations in Paragraph 69 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

70.     The allegations in Paragraph 70 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

71.     The allegations in Paragraph 71 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

72.     The allegations in Paragraph 72 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

73.     The allegations in Paragraph 73 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

74.     The allegations in Paragraph 74 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

75.     The allegations in Paragraph 75 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

1

2

76.     The allegations in Paragraph 76 characterize the 2020 Rule, which speaks for

3

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

the 2020 Rule, Federal Defendants deny them.

4

77.     The allegations in Paragraph 77 contain statements of opinion and legal

5

conclusions to which no response is required, and characterize the 2020 Rule, which speaks for

6

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

7

the 2020 Rule, Federal Defendants deny them.

8

78.     The allegations in Paragraph 78 contain statements of opinion and legal

9

conclusions to which no response is required, and characterize the 2020 Rule, which speaks for

10

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

11

the 2020 Rule, Federal Defendants deny them.

12

79.     The allegations in Paragraph 79 contain statements of opinion and legal

13

conclusions to which no response is required, and characterize the 2020 Rule, which speaks for

14

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

15

the 2020 Rule, Federal Defendants deny them.

16

80.     The allegations in Paragraph 80 contain statements of opinion and legal

17

conclusions to which no response is required, and characterize the 2020 Rule, which speaks for

18

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

19

the 2020 Rule, Federal Defendants deny them.

20

81.     The allegations in Paragraph 81 contain statements of opinion and legal

21

conclusions to which no response is required, and characterize the 2020 Rule, which speaks for

22

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

23

the 2020 Rule, Federal Defendants deny them.

24

82.     As to the allegations in Paragraph 82, Federal Defendants aver that the 2020

25

Rule was issued on January 23, 2020, and that the 2020 Rule was published on April 21, 2020.

26

83.     The allegations in Paragraph 83 characterize the 2020 Rule and a draft document

27

that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been

28

reviewed or approved by the chartered SAB and does not represent EPA policy", which speak

1

2

for themselves and are the best evidence of their contents.  To the extent the allegations are

inconsistent with the 2020 Rule, Federal Defendants deny them.

3

4

        84.     Federal Defendants admit that the Science Advisory Board provided

"Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under

5

6

the Clean Water Act," EPA, Office of the Administrator Science Advisory Board (Feb. 27,

2020) ("SAB Commentary").  The allegations in Paragraph 84 characterize the SAB

7

8

Commentary, which speaks for itself and is the best evidence of its contents.  To the extent the

allegations are inconsistent with the SAB Commentary, Federal Defendants deny them.

9

10

        85.     The allegations in Paragraph 85 characterize the SAB Commentary, which

speaks for itself and is the best evidence of its contents.  To the extent the allegations are

11

inconsistent with the SAB Commentary, Federal Defendants deny them.

12

13

        86.     The allegations in Paragraph 86 characterize the SAB Commentary, which

speaks for itself and is the best evidence of its contents.  To the extent the allegations are

14

inconsistent with the SAB Commentary, Federal Defendants deny them.

15

16

        87.     The allegations in Paragraph 87 are legal conclusions to which no response is

required.

17

18

        88.     The allegations in Paragraph 88 are legal conclusions to which no response is

required.

19

20

        89.     The allegations in Paragraph 89 are legal conclusions to which no response is

required.

21

22

        90.     Federal Defendants incorporate by reference their responses to each and every

statement and allegation contained in Paragraphs 1 through 89 herein.

23

24

        91.     The allegations in Paragraph 91 are legal conclusions to which no response is

required.

25

26

        92.     The allegations in Paragraph 92 characterize unidentified judicial decisions

which speak for themselves and are the best evidence of their contents.  To the extent the

27

allegations are inconsistent with such decisions, Federal Defendants deny them.

28

        93.     The allegations in Paragraph 93 are legal conclusions to which no response is

required.

94.     The allegations in Paragraph 94 are legal conclusions to which no response is required.

95.     Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 94 herein.

96.     The allegations in Paragraph 96 are legal conclusions to which no response is required.

97.     The allegations in Paragraph 97 are legal conclusions to which no response is required.

98.     The allegations in Paragraph 98 are legal conclusions to which no response is required.

99.     The allegations in Paragraph 99 are legal conclusions to which no response is required.

100.     The allegations in Paragraph 100 contain statements of opinion and legal conclusions to which no response is required, and 100 also characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

101.     The allegations in Paragraph 101 contain legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents.  To the extent those allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

102.     The allegations in Paragraph 102 are legal conclusions to which no response is required.

103.     The allegations in Paragraph 103 are legal conclusions to which no response is required.

104.     The allegations in Paragraph 104 are legal conclusions to which no response is required.

105.     Federal Defendants incorporate by reference their responses to every statement

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 13

1

and allegation contained in Paragraphs 1 through 104 herein.

2

106.    The allegations in Paragraph 106 contain legal conclusions to which no response

3

is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of

4

its contents.  To the extent those allegations are inconsistent with the 2020 Rule, Federal

5

Defendants deny them.

6

107.    The allegations in Paragraph 107 are legal conclusions to which no response is

7

required.

8

108.    The allegations in Paragraph 108 are legal conclusions to which no response is

9

required.

10

109.    Federal Defendants incorporate by reference their responses to every statement

11

and allegation contained in Paragraphs 1 through 108 herein.

12

110.    The allegations contained in Paragraph 110 characterize the "Suspension of final

13

rule," 45 Fed. Reg. 48,620 (July 21, 1980), which speaks for itself and is the best evidence of its

14

contents.  To the extent the allegations are inconsistent with the notice, Federal Defendants

15

deny them.

16

111.    The allegations in Paragraph 111 characterize the 2015 Rule, which speaks for

17

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

18

the 2015 Rule, Federal Defendants deny them.

19

112.    The allegations in Paragraph 112 characterize the 2020 Rule, which speaks for

20

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

21

the 2020 Rule, Federal Defendants deny them.

22

113.    The allegations in Paragraph 113 are legal conclusions to which no response is

23

required.

24

114.    Federal Defendants incorporate by reference their responses to every statement

25

and allegation contained in Paragraphs 1 through 113 herein.

26

115.    The allegations in Paragraph 115 contain legal conclusions to which no response

27

is required, and characterize the Clean Water Act, which speaks for itself and is the best

28

evidence of its contents.  To the extent that those allegations are inconsistent with the Act,

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 14

Federal Defendants deny them.

116.    The allegations in Paragraph 116 are legal conclusions to which no response is required.

117.    The allegations in Paragraph 117 are legal conclusions to which no response is required.

118.    The allegations in Paragraph 118 are legal conclusions to which no response is required.

119.    The allegations in Paragraph 119 are legal conclusions to which no response is required.

## REQUEST FOR RELIEF

Based upon the foregoing, the Tribes request relief from the court as follows:

A.    Adjudge and declare that the Navigable Waters Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A), 33 U.S.C. §§ 1251-388;

B.    Vacate and set aside the Navigable Waters Rule;

C.    Adjudge and declare that the waste treatment system exclusion provisions of the Navigable Waters Rule were adopted "without observance of procedure required by law," contrary to law and are arbitrary, capricious, and an abuse of discretion in violation of the APA, 5 U.S.C. § 706(2);

D.    Adjudge and declare that the waste treatment system exclusion improperly excludes waters of the United States from the protections of the Clean Water Act contrary to law;

E.    Vacate and set aside the waste treatment system exclusion;

F.    Adjudge and declare that the Repeal Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A);

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 15

1

2

G.      Vacate and set aside the Repeal Rule;

H.      Reinstate the Clean Water Rule without the vacated waste treatment exclusion;

3

4

I.      Award Plaintiffs their reasonable fees, costs, expenses, and disbursements,

including attorney's fees, associated with this litigation; and

5

6

J.      Grant such additional and further relief as the Court may deem just, proper, and

necessary.

7

8

9

Federal Defendants deny that Plaintiffs are entitled to the relief included in the "Request

for Relief" set forth in the Complaint.

10

## **GENERAL DENIAL**

11

12

To the extent any factual allegation in the Complaint has not been admitted or

specifically responded to, Federal Defendants deny such allegation.

13

14

Federal Defendants reserve the right to raise any defense – including, but not limited to,

those expressly found in Federal Rules of Civil Procedure 8(c) and 12 – that may be supported

15

by the record in this action.

16

Respectfully submitted,

17

COUNSEL FOR DEFENDANTS:

18

Dated:  Sept. 8, 2020

19

20

21

22

23

 */s/ Daniel Pinkston*
DANIEL PINKSTON
Senior Trial Attorney
Environmental Defense Section
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1804
daniel.pinkston@usdoj.gov

24

25

26

27

28

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 16

HUBERT T. LEE
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC  20002
(202) 514-1806
Hubert.lee@usdoj.gov '

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 8, 2020, I electronically transmitted the foregoing to

the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic

Filing to registered counsel for all parties.

*/s/ Daniel Pinkston*
Daniel Pinkston
Senior Trial Attorney

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT - 17