HUBERT T. LEE
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC  20002
Hubert.lee@usdoj.gov
Daniel.pinkston@usdoj.gov
(202) 514-1806 (Lee)
(303) 844-1804 (Pinkston)

Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

PASCUA YAQUI TRIBE; QUINAULT
INDIAN NATION; FOND DU LAC
BAND OF LAKE SUPERIOR CHIPPEWA;
MENOMINEE INDIAN TRIBE OF
WISCONSIN; TOHONO O'ODHAM
NATION; and BAD BAND OF LAKE
SUPERIOR CHIPPEWA,

                Plaintiffs,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; ANDREW
WHEELER, in his official capacity of the
United States Environmental Protection
Agency; UNITED STATES ARMY CORPS
OF ENGINEERS; and R.D. JAMES, in his
official capacity as Secretary of the Army for
Civil Works,

                Defendants.

NO. CV-20-00266-TUC-RM

**JOINT SCHEDULING REPORT**

JOINT SCHEDULING REPORT - 1

Pursuant to the Court's Order of September 14, 2020 (Doc. 18), Plaintiffs Pascua Yaqui Tribe, Quinault Indian Nation, Fond du Lac Band of Lake Superior Chippewa, Menominee Indian Tribe of Wisconsin, Tohono O'Odham Nation, and Bad River Band of Lake Superior Chippewa (collectively, "Tribes"), and Defendants United States Environmental Protection Agency ("EPA"), Andrew Wheeler (in his official capacity as EPA Administrator), United States Army Corps of Engineers ("Corps"), and R.D. James (in his official capacity as Secretary of the Army for Civil Works) (collectively, "Defendant Agencies"), submit the following Joint Scheduling Report:

## INTRODUCTORY STATEMENT

This case concerns challenges to two final rules issued by the Agencies under the Clean Water Act, entitled "Definition of 'Waters of the United States'—Re-codification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "2019 Rule"), and "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "2020 Rule").

The 2019 Rule went into effect on December 23, 2019. It repealed the rule entitled "Clean Water Rule: Definition of 'Waters of the United States'" ("2015 Rule"), and reinstated the pre-2015 regulatory definition of "waters of the United States" under the Clean Water Act. The 2020 Rule redefined "waters of the United States" under the Clean Water Act and replaced the 2019 Rule. The 2020 Rule went into effect on June 22, 2020, in all states except Colorado.[1]

The Tribes filed their Complaint in this case on June 22, 2020, challenging the 2019 and 2020 Rules. Doc. 1. The Agencies filed their answer to the Complaint on September 8, 2020. Doc. 17. A Pretrial Scheduling Conference is set in this case for October 16, 2020, at 10:30 a.m.

The Parties agree that pursuant to the Administrative Procedure Act ("APA"), review of the Tribes' claims in this case will be based on the Agencies' administrative record(s) for the

---

[1] *Colorado v. EPA*, No. 20-cv-1461, 2020 WL 3402325, at *13 (D. Colo. June 19, 1920) (staying effective date of 20/20 Rule in State of Colorado), *appeals docketed*, Nos. 20-1238, 20-1262, 20-1263 (10th Cir.).

2019 and 2020 Rules. Accordingly, the Parties request that this case be treated as an APA appeal of an administrative final agency action, and excluded from the requirements of Fed.R.Civ.P. 16 and 26.  Absent motions directed towards the content of the administrative record, discovery is not necessary or appropriate.  The Parties agree that the claims in this case should be decided after the conclusion of briefing on cross-motions for summary judgment. Because review in this case is based on the administrative record, the Parties' summary judgment briefs will omit statements of fact.  As noted below, the Parties also request expanded word counts for their briefs, given the nature and complexity of the issues involved.

The Tribes contend that their claims regarding the Rules should be briefed together, and accordingly propose one consolidated round of briefing for all of their claims.  Defendant Agencies suggest that the claims relating to the 2020 Rule should be briefed first, with briefing regarding the 2019 Rule to follow if necessary.  The Parties set out their respective positions below, to be followed by the Parties statements regarding the 23 items set forth in the Court's Order.

I.      **The Tribes' Proposal for Consolidated Summary Judgment Briefing Regarding the 2019 and 2020 Rules**

The Tribes propose that the case proceed as presented in the Complaint, ECF No. 1, in which the Tribes challenged both the 2019 and 2020 Rules together.  Proceeding in a consolidated manner will more efficiently resolve the Tribes' claims, conserve resources, avoid unnecessary delay, and forestall any attempt by Defendant Agencies to artificially bifurcate and limit the record and discussion thereof.  Indeed, in two other cases challenging the 2019 and 2020 Rules, the courts instructed the parties to brief both Rules together.  *See* Order Granting Briefing Schedule, *Navajo Nation v. Wheeler*, No. 2:20-cv-00602-MV-GJF, Dkt. No. 19 (D.N.M. Oct. 8, 2020); Order Granting Joint Mot. to Consolidate Cases and Modify the Scheduling Order, *Chesapeake Bay Found. v. Wheeler*, Nos. RDB-20-1063 & RDB-20-1064, Dkt. No. 19 at 3 (D. Md. Aug. 24, 2020).  The Tribes base their proposal here on the approach taken by the courts in both of those cases.

The Tribes view the Defendant Agencies' proposal to brief the claims separately, first with regard to the 2020 Rule and only subsequently with regard to the 2019 Rule, as a motion to bifurcate the Tribes' case.  The Tribes oppose the Agencies' proposal (their so-called "two-phased approach"), because it would have the effect of concealing the full extent of the Agencies' actions as well as shielding the 2019 Rule from timely judicial review and resolution. The Tribes also note that the Defendant Agencies have filed separate and different records for the two Rules with the record for the 2020 Rule severely and artificially truncated.  The Parties also have some differences on the lengths of the briefs, which the Tribes believe should be based on the Federal Rules of Appellate Procedure.  The Tribes address both of these issues in turn, and then lay out a schedule with one, consolidated round of briefing for all of the claims.

**A. The Tribes Propose to Brief All of the Claims Together**

The Tribes challenged the two Rules together because the Agencies promulgated them as two parts of a unified initiative to replace the 2015 Rule with a new, narrower definition of "waters of the United States," namely, the 2020 Rule.  *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899, 34,899 (July 27, 2017) (proposed 2019 Rule) (the Agencies "are publishing this proposed rule to initiate the first step in a comprehensive, two-step process intended to review and revise the definition of 'waters of the United States' consistent with the Executive Order"); Revised Definition of "Waters of the United States", 84 Fed. Reg. 4,154, 4,154 (Feb. 14, 2019) (proposed 2020 Rule) ("This proposal is the second step in a comprehensive, two-step process intended to review and revise the definition of 'waters of the United States' consistent with the Executive Order.").  Thus, the Agencies themselves stated both rules are part of the same rulemaking initiative, just taking place in two steps.

The two Rules therefore should be considered together, as they are inextricably linked. Briefing on either of the Rules cannot occur without explaining the background, context, and analyses (or lack thereof) of both Rules (along with the 2015 Rule).  In addition, the Tribes claim that both Rules violate virtually the same laws and principles.  *Compare* Complaint, ECF No. 1,

at ¶¶ 90-104 *with* 114-119.  Therefore, briefing the Tribes' challenges to the two Rules together would avoid duplicative briefing, promote judicial economy, and conserve the Parties' resources.

Indeed, this approach is consistent with the two other cases that have ordered consolidated briefing of claims challenging the 2019 and 2020 Rules under the Clean Water Act and APA.  *See Navajo Nation v. Wheeler*, No. 2:20-cv-00602-MV-GJF, Dkt. No. 19 (D.N.M. Oct. 8, 2020); *Chesapeake Bay Foundation, Inc. v. Wheeler*, No. 1:20-cv-1063, Dkt. No. 19 (D. Md. Aug. 24, 2020).  As the *Navajo Nation* court recently noted, a consolidated schedule promotes judicial economy and flexibility.  *See* Clerk's Minutes, *Navajo Nation*, Dkt. No. 18 at 2 (Oct. 8, 2020).  If the Court upholds the 2020 Rule there will be no need for it to consider the 2019 Rule, so there will be no added burden on the Court.  On the other hand, if the Court vacates the 2020 Rule it will be able to consider the 2019 Rule without the need to review another round of briefs and re-familiarize itself with the same or similar issues.

Furthermore, this approach lessen any burden on the Defendant Agencies because they will already be briefing these claims (notably, the schedules being proposed by both parties here would start approximately two months after the schedule in *Navajo Nation* and three-and-a-half months after the schedule in *Chesapeake Bay Foundation*, assuming no record challenges). Further, the Agencies have already filed the administrative records for both Rules in *Chesapeake Bay Foundation* and *Navajo Nation*.  Any burden on the Agencies of briefing the Tribes' challenge to both Rules together should therefore be minimal.

In contrast, bifurcation would "actually disserve judicial economy as opposed to promoting it."  Clerk's Minutes, *Navajo Nation*, Dkt. No. 18 at 2.  For example, the Defendant Agencies' staged approach would hamstring the Court's ability to rule in the alternative or efficiently address the claims regarding the 2019 Rule.  *Id.*  If the Court has questions about the appropriate remedy relating to the 2019 Rule after finding both Rules unlawful, the Parties can provide supplemental briefing on that issue.  At the same time, the Court's decision as to how to craft an appropriate remedy for an unlawful rule, no matter how "complex," is separate from deciding the validity of the 2019 and 2020 Rules in the first place.

Bifurcating the case would also delay the relief that the Tribes seek.  The Tribes ultimately seeks reinstatement of the 2015 Rule, which the Tribes believe was the correct interpretation of "waters of the United States."  That result requires rulings on both the 2020 Rule (which provides a new definition of "waters of the United States") and the 2019 Rule (which rescinded the 2015 Rule).  Accordingly, the Tribes are able to brief the entire case on the same schedule proposed by the Defendant Agencies for just a portion of the case (the challenges to the 2020 Rule alone).

Finally, and perhaps most critically, bifurcation would mask the true extent of the Defendant Agencies' rollback of Clean Water Act safeguards.  Under their "two-phased" approach, the Defendant Agencies would withhold all the documents for the administrative record for the 2019 Rule, artificially limiting the evidence before the Court to only what occurred between 2019 and 2020.  This selective presentation of the record is directly at odds with both *Chesepeake Bay Foundation* and *Navajo Nation* where the courts ordered the agencies to provide both administrative records to ensure the whole record was before the court.  It is also directly contrary to case law in this Circuit regarding what constitutes a full administrative record.

The other cases the Agencies describe below in which the 2019 Rule, 2020 Rule, and 2015 Rule were challenged are largely irrelevant to whether this Court should grant the Agencies' request to bifurcate the Tribes' claims.  In particular, most of the referenced stays were entered by consent, as the government recently acknowledged.  Clerk's Minutes, *Navajo Nation*, Dkt. No. 18 at 2.  In addition, in some of the suits the challengers are seeking to narrow the 2020 Rule and therefore would obtain all the substantive relief they seek solely from a court decision on the 2020 Rule.  *See, e.g.*, Second Supp. Compl., *Wash. Cattlemen's Ass'n v. U.S. Envtl. Prot. Agency*, No. 2:19-cv-00569-JCC, at 48-512 (W.D. Wash. May 4, 2020) (seeking injunction narrowing specific provisions of the 2020 Rule while leaving the rest of the Rule in place); First Supp. Compl. for Declaratory and Inj. Relief, *Or. Cattlemen's Ass'n v. U.S. Envtl. Prot. Agency*, No. 3:18-cv-00564-AC, at 51-54 (D. Or., May 1, 2020) (same).

There are only three cases involving both the 2020 and 2019 Rules in which briefing

schedules have been set: *Navajo Nation*, *Chesapeake Bay Foundation*, and *Murray v. Wheeler*. The first two cases ordered consolidated briefing, as discussed above.  Only *Murray v. Wheeler* is proceeding on a phased track.  *See* Text Order, *Murray v. Wheeler*, No. 1:19-cv-1498 (N.D.N.Y. July 28, 2020).  Unlike the plaintiffs in that case (two landowners), the Tribes in this case are sovereign nations responsible for the protection of their people and environment, are impacted fundamentally differently, and prejudiced more by the Agencies' attempt to delay the relief they seek.

**B.  The Tribes Propose Expanded Word Limits**

Both parties request overlength briefs due to the complexity of the issues involved. Given that this case is proceeding as an APA appeal of a final agency action, the Tribes propose word limits that track the Ninth Circuit's Federal Rules of Appellate Procedure.  *See* Circuit Rule 32-1.[2]  Based on the reasoning above, the Tribes proposed following consolidated schedule to address all of their claims challenging the 2019 and 2020 Rules:

- November 16, 2020:  Agencies submit certified indices for the 2019 and 2020 Rule administrative record.

- January 15, 2021:  Deadline for motions to challenge or supplement the administrative record.

- March 12, 2021 (or 30 days after any ruling on administrative record challenges, whichever is later):  The Tribes file summary judgment brief on all claims (14,000 words pursuant to Circuit Rule 32-1(a) for a principal brief).

- May 14, 2021 (or 60 days after the Tribes file merits brief, whichever is later): Agencies file answer brief and cross motion for summary judgment on all claims (14,000 words pursuant to Circuit Rule 32-1(a) for a principal brief).

---

[2] The Federal Rules of Appellate Procedure exclude specific items from the word count, such as the caption and signature block.  *See* F.R.A.P. 32(f); Circuit Rule 32-1(c).

JOINT SCHEDULING REPORT - 7

- July 2, 2021 (or 45 days after Agencies file cross-motion for summary judgment, whichever is later):  The Tribes file a combined opposition to the cross-motion for summary judgment and reply in support of the Tribes' motion on all claims (14,000 words pursuant to Circuit Rule 32-1(a) for a principal brief).

- August 6, 2021 (or 30 days after the Tribes file their combined opposition/reply brief, whichever is later):  Defendant Agencies file reply brief in support of cross-motion for summary judgment on all claims (7,000 words pursuant to Circuit Rule 32-1(b) for a reply brief).

## II.    Defendant Agencies' Position and Proposal for Summary Judgment Briefing

The two rules at issue in this case are supported by separate administrative records, contain different agency decisions, and raise certain different legal issues. The Agency's request that the first phase consist of cross-motions for summary judgment on the merits of the 2020 Rule. If necessary after the Court's ruling on the first phase of summary judgment briefs, the Parties could submit briefs in a second phase concerning the 2019 Rule.

The two-phased approach would serve the interests of judicial economy and conserve party resources, as it would allow the Parties and the Court to focus on the rule currently in effect, i.e., the 2020 Rule, and only address the merits of the replaced 2019 Rule if necessary.

Not only could the Court's ruling on the merits of the 2020 Rule affect the issues and arguments with respect to the 2019 Rule, but the Court cannot grant meaningful relief as to the 2019 Rule as long as the 2020 Rule is in effect.

Additionally, addressing the 2019 Rule claims involves complex questions concerning the appropriate remedy, the briefing and consideration of which may not be necessary after the Court's decision on Plaintiff Tribes' challenge to the 2020 Rule.  Plaintiff Tribes seek reinstatement of the 2015 Rule.  Complaint, Paragraph 6, Request for Relief, at 38 (Doc. 1). Two district courts ruled that the 2015 Rule was unlawful and promulgated in violation of the APA, and remanded the Rule to the Agencies. *Georgia v. Wheeler*, 418 F.Supp.3d 1336 (S.D. Ga. 2019); *Texas v. EPA*, 389 F.Supp.3d 497, 504-06 (S.D. Tex. 2019).  The 2019 Rule repealing

the 2015 Rule was, in part, promulgated in response to those courts' holdings, after numerous other courts had preliminarily enjoined the 2015 Rule in multiple states, including Arizona. *See North Dakota v. EPA*, 127 F.Supp.3d 1047, 1060 (D.N.D. 2015).  Even if this Court's ruling on the 2020 Rule does not resolve all of the issues in this case, it would likely assist in clarifying the issues regarding Plaintiff Tribes' challenge to the 2019 Rule, and thus conserve the Parties' and the Court's resources.

There are also a number of other challenges to the 2020 Rule pending across the country that could bear upon the Court's resolution of the 2019 Rule claims in this case and potentially obviate the need for summary judgment briefing on the 2019 Rule.  For example:

- *Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. No. 22 (N.D.N.Y. July 28, 2020) (order adopting a two-phased approach, setting briefing for 2020 Rule claims and deferring scheduling briefing on 2019 Rule claims);

- *Waterkeeper Alliance, Inc. v. Wheeler*, No. 3:18-cv-03521, Dkt. No. 83 (N.D. Cal. May 27, 2020) (stipulation holding in abeyance claims challenging 2015 Rule to allow plaintiffs to add and brief the merits of challenge to 2020 Rule);

- *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569, Dkt. No. 86 (W.D. Wash. July 31, 2020) (order staying claims challenging 2015 and 2019 Rules while briefing on 2020 Rule proceeds).

Courts have also stayed cases involving challenges to the 2015 Rule and/or 2019 Rule. For example:

- *Pierce v. EPA*, No. 0:19-cv-02193, Dkt. No. 33 (D. Minn. July 1, 2020) (staying challenges to 2015 and 2019 Rules);

- *North Dakota v. EPA*, No. 3:15-cv-00059, Dkt. No. 325 (D.N.D. June 24, 2020) (extending stay of challenge two 2015 Rule);

- *South Carolina Coastal Conservation League v. Wheeler*, No. 2:19-cv-03006 (Dkt. No. 57 (D.S.C. Sept. 4, 2020) (of challenge to 2019 Rule);

JOINT SCHEDULING REPORT - 9

- *Southeastern Legal Found., Inc. v. EPA*, No. 1:15-cv-02488, Dkt. No. 34 (N.D. Ga. Aug. 5, 2020) (staying challenge two 2015 Rule).

Two courts have scheduled briefing of claims concerning the 2019 Rule. *See Chesapeake Bay Foundation, Inc. v. Wheeler*, No. 1:20-cv-1063, Dkt. No. 19 (D. Md. Aug. 24, 2020); *Navajo Nation v. Wheeler*, No. 2:20-cv-00602-MV-GJF (D.N.M.).

If, after the Court's decision on the 2020 Rule claims, briefing on some or all of the 2019 capital claims is necessary, any delay would be minimal. The Parties would promptly confer and submit a proposed briefing schedule.  In any case, concerns regarding delay should not be addressed by scheduling proceedings on Plaintiff Tribes' 2019 Rule claims at this time, when that rule has been replaced and has no effect, there is no relief the Court could provide, and even if the Court could provide relief, the issue of remedy would be complex.

It is in the interest of judicial economy and conserving party resources to focus on litigation over the 2020 Rule and to brief the merits of the 2019 Rule only if the Court's ruling on Plaintiff Tribes' 2020 Rule challenge does not resolve this case.

Accordingly, the Agencies propose the following two-phased schedule:

- November 16, 2020:  Agencies submit certified index to the 2020 Rule administrative record.
- January 8, 2021:  Deadline for motions to challenge or supplement the administrative record.
- March 12, 2021 (or 30 days after any ruling on administrative record challenges, whichever is later):   Plaintiff Tribes file summary judgment brief (45 pages).
- May 14, 2021 (or 60 days after Plaintiff Tribes file merits brief, whichever is later): Agencies file answer brief and cross motion for summary judgment (45 pages).
- July 2, 2021 (or 45 days after Agencies file cross-motion for summary judgment, whichever is later):  Plaintiff Tribes file answer brief in opposition to cross-motion for summary judgment and reply in support of Plaintiff Tribes' (30 pages).

JOINT SCHEDULING REPORT - 10

- August 6, 2021 (or 30 days after Plaintiff Tribes file answer brief/reply brief, whichever is later):  Defendant Agencies file reply brief in support of cross-motion for summary judgment (30 pages).

As to Phase 2, if briefing on the 2019 Rule is necessary, deadlines relating to filing the administrative record for the 2019 Rule and summary judgment briefing will not be set until the Court rules on the Phase 1 cross-motions for summary judgment. Within 14 days from the Court's order resolving Phase 1, the Parties will confer and submit a joint proposal to govern further proceedings, advising whether any further briefing is needed, and, if so, provide a schedule for those proceedings.

**III.     Response to Numbered Paragraphs Set Forth in Court's Order**

As indicated above, the Parties are in agreement that this case presents APA challenges to the 2019 and 2020 Rules, to be decided upon the administrative record(s).  Therefore, discovery is not appropriate and need not be scheduled.  The Parties respond to the items set forth in the Court's Order as follows:

1.     <u>Nature of the Case</u>:  The Tribes allege that adoption of the 2019 and 2020 Rules exceed the Agencies' statutory authority and was arbitrary, capricious, and contrary to law in violation of the APA, 5 U.S.C. § 706(2).  Defendant Agencies contend that the 2019 and 2020 Rules do not exceed the Agencies' statutory authority and are not arbitrary, capricious, or contrary to law.

2.     <u>Elements of Proof and Affirmative Defenses</u>:  This case is an APA challenge to regulations issued by the Agencies.  Plaintiff Tribes allege that the Agencies' actions were arbitrary, capricious, or contrary to law.

3.     <u>Factual and Legal Issues Genuinely in Dispute</u>:  This case will be decided upon the administrative record.  The Parties may, but will not necessarily, differ on the appropriate contents of the administrative record for the 2019 and 2020 Rules.  The Parties differ on the legal question whether the adoption of the 2019 and 2020 Rules was arbitrary, capricious, or contrary to law under the APA.  It is not likely that those issues can be narrowed by stipulation.

4.    <u>Jurisdictional Bases for the Case</u>:  The Tribes assert that the Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the Clean Water Act, 33 U.S.C. § 1369(b).  Defendant Agencies do not dispute that federal question and Clean Water Act jurisdiction would apply, but do not necessarily agree that the Tribes have established standing to bring this action.

5.    <u>Parties Not Served or Which Have Not Filed an Answer or Entered an Appearance</u>:  Not applicable.

6.    <u>Names of Parties Not Subject to Court's Jurisdiction</u>:  Not applicable.

7.    <u>Dispositive or Partially Dispositive Issues to be decided by Pre-Trial Motions</u>:  As indicated above, the Parties assert that this APA case should be decided on cross-motions for summary judgment.

8.    <u>Cross-Motions for Summary Judgment</u>:  As indicated above, the Parties propose differing schedules for cross-motions for summary judgment.  The Tribes propose that claims regarding the 2019 and 2020 Rules should be briefed together, on the consolidated schedule set forth in Section II of this Joint Report.  Defendant Agencies propose that cross-motions for summary judgment should proceed into phases, with the 2020 Rule being briefed in the first phase, and, if necessary, the 2019 Rule being briefed after the court resolves the cross-motions for summary judgment regarding the 2020 rule.  Defendant Agencies propose a schedule for such briefing in Section III of this Joint Report.  Defendant Agencies state that if the Court decides that both the 2019 and 2020 Rules should be briefed together, they consent to the consolidated schedule set forth by the Tribes in Section II.  The Tribes state that if the Court adopts the Agencies' proposal to brief the case into phases, they consent to the schedule for the first phase proposed by the Agencies.

9.    <u>Suitability for Reference to Arbitration, Special Master, or United States Magistrate Judge</u>:  The Parties agree that this case should be resolved by the District Judge.

10.    <u>Status of Related Cases Pending Before Other Judges of this Court or Before Other Courts and for Consolidation</u>:  As indicated above, there are numerous cases involving the

JOINT SCHEDULING REPORT - 12

2019 and 2020 Rules pending across the nation. Those cases are proceeding, and the Parties agree that consolidation with any of those cases would not be appropriate.

11.     <u>Propose Changes in Initial Disclosures under Fed.R.Civ.P. 26(a)(1)</u>:  As the Parties have stated above, this case is an APA challenge to rules promulgated by the Agencies, to be decided upon the administrative record.  As such, the initial disclosures required by Rule 26(a)(1) are not applicable here.

12.     <u>Suggested Changes to Limitations on Discovery</u>:  Because this is an appeal of an administrative action to be decided on the administrative record, the discovery rules and limitations are inapplicable.

13.     <u>Scope, Nature, and Location of Discovery Anticipated by the Parties</u>:  As an appeal of an administrative action to be decided on the administrative record, discovery rules, and limitations are not applicable.

14.     <u>Issues Relating to Disclosure or Discovery of Electronically Stored Information</u>: Not applicable.

15.     <u>Issues Relating to Privilege or Work Product</u>:  This APA case will be decided on the administrative record.  Disputes may conceivably arise regarding the inclusion of privileged materials in the administrative record for the 2019 Rule and/or the 2020 Rule.

16.     <u>Evidentiary Hearings</u>:  The Parties do not presently anticipate the need for evidentiary hearings.

17.     <u>Estimated Date for Trial and Length of Trial</u>:  As an appeal of administrative action, to be decided upon the administrative record, trial will not be necessary.

18.     <u>Jury Trial</u>:  Not applicable.

19.     <u>Prospects for Settlement</u>:  The Parties do not believe this case is amenable to settlement.

20.     <u>Class Action</u>:  Not applicable.

21.     <u>Necessity for Placement on Complex Track for Case Management</u>:  Not applicable.

JOINT SCHEDULING REPORT - 13

1    22.    <u>Other Matters</u>:  No other matters to aid the Court in resolving this dispute.

2    23.    <u>Proposed Deadlines</u>:  The Parties believe that this APA action should be resolved

3 on cross-motions for summary judgment.  They have proposed differing schedules for such

4 briefing.  Proposed deadline categories set forth in this paragraph 23 are not applicable to this

5 case.

6

7                              Respectfully submitted,

8                              COUNSEL FOR DEFENDANT AGENCIES:

9 Dated: October 6, 2020          */s/ Hubert T. Lee*

10

11                             HUBERT T. LEE
                               Trial Attorney
12                             Environmental Defense Section
                               Environment & Natural Resources Division
13                             U.S. Department of Justice
                               150 M Street NE, Room 4.1116
14                             Washington, DC  20002
                               (202) 514-1806
15                             Hubert.lee@usdoj.gov

16

17                             DANIEL PINKSTON
                               Senior Trial Attorney
18                             Environmental Defense Section
                               Environment & Natural Resources Division
19                             U.S. Department of Justice
                               999 18th Street, South Terrace, Suite 370
20                             Denver, CO 80202
                               (303) 844-1804
21                             Daniel.pinkston@usdoj.gov

22

23

24

25                             COUNSEL FOR PLAINTIFF TRIBES:

26 Dated: October 8, 2020          */s/ Stuart C. Gillespie*
                               Stuart C. Gillespie, CO # 42861
27                             EARTHJUSTICE

28
JOINT SCHEDULING REPORT - 14

633 17th Street, Suite 1600
Denver, CO 80202
(303) 996-9616
sgillespie@earthjustice.org

Janette K. Brimmer, WSBA # 41271
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA 98104
(206) 343-7340
jbrimmer@earthjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2020, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

JOINT SCHEDULING REPORT - 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Hubert T. Lee*
Trial Attorney
U.S. Dept. of Justice

JOINT SCHEDULING REPORT - 16