HUBERT T. LEE
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC 20002
Hubert.lee@ usdoj.gov
Daniel.pinkston@usdoj.gov
(202) 514-1806 (Lee)
(303) 844-1804 (Pinkston)

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

PASCUA YAQUI TRIBE, et al., )
 )  No. CV-20-00266-TUC-RM
      *Plaintiffs*, )
 )  **DEFENDANTS' MOTION TO**
  v. )  **HOLD CASE IN ABEYANCE**
 )  **FOR 90 DAYS**
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, et al., )
 )
      *Defendants*. )
_____ )

    Defendants United States Environmental Protection Agency, EPA Acting Administrator Jane Nishida, United States Army Corps of Engineers, and Senior Official Performing the Duties of the Assistant Secretary of the Army for Civil Works Vance F. Stewart, III[1] ("Defendants" or "Agencies"), move the Court to hold the above-captioned matter in abeyance for a period of 90 days in order to provide the Agencies time for their review of the definition of "waters of the

---

[1] EPA Acting Administrator Jane Nishida is automatically substituted for Andrew Wheeler, and Vance F. Stewart, III, is automatically substituted for R.D. James, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 1

United States" at issue in this case in light of the recent change in administration. Plaintiffs oppose the relief requested herein. As grounds for their motion, Defendants state as follows:

## **BACKGROUND**

Plaintiffs Pascua Yaqui Tribe, Quinault Indian Nation, Fond du Lac Band of Lake Superior Chippewa, Menominee Indian Tribe of Wisconsin, Tohono O'Odham Nation, and Bad Band of Lake Superior Chippewa filed their Complaint in this action on June 22, 2020. Dkt. 1. Plaintiffs are challenging two rules issued by the Agencies that define the phrase "waters of the United States" under the Clean Water Act. The first rule is entitled "Definition of 'Waters of the United States' – Re-codification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule"), and the second is the "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule").

The 2019 Rule went into effect on December 23, 2019. It repealed the rule entitled "Clean Water Rule: Definition of 'Waters of the United States,'" ("2015 Rule"), and reinstated the pre-2015 Rule regulatory definition of "waters of the United States." The 2020 Rule redefined "waters of the United States" and replaced the 2019 Rule. The 2020 Rule went into effect on June 22, 2020, in all states except Colorado.

Plaintiffs claim that the issuance of the 2019 and 2020 Rules was arbitrary, capricious, and contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2). They are asking the Court to vacate the 2019 and 2020 Rules, and to reinstate the 2015 Rule. Complaint, Paragraphs 5 and 6.

Defendants answered on September 8, 2020, Dkt. 17. After the parties submitted a Joint Scheduling Report on October 9, 2020, Dkt. 19, the Court issued a scheduling Order on October 28, 2020, Dkt. 20. The Order established the following litigation schedule for this case:

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 2

- November 16, 2020: Defendants to submit certified indices for the 2019 Rule and 2020 Rule administrative records.

- January 15, 2021: Motions to challenge or supplement the administrative record were due on or before this date.

- March 12, 2021: Plaintiffs to submit their motion for summary judgment motion on the later of this date or within 30 days after the Court's resolution of any administrative record challenges.

- May 14, 2021: Defendants to submit their answer brief in opposition to Plaintiffs' motion for summary judgment and their cross-motion for summary judgment by the later of this date, or 60 days after Plaintiffs file their motion for summary judgment.

- July 2, 2021: Plaintiffs to submit reply brief in support of their motion for summary judgment and answer brief in opposition to Defendants' cross-motion for summary judgment by the later of this date or 45 days after Defendants file their cross-motion for summary judgment.

- August 6, 2021: Defendants to file their reply brief in support of their cross-motion for summary judgment by the later of this date or 30 days after Plaintiffs file their answer brief in opposition to Defendants' cross-motion for summary judgment.

- September 23, 2021: Parties to file a Joint Settlement Status Report by this date and every 90 days thereafter.

The Agencies filed a certified index to the 2019 Rule administrative record on November 16, 2020, Dkt. 21, and a certified index to the 2020 Rule administrative record on the same day. Dkt. 22.

On January 4, 2021, the parties filed a Joint Motion for Extension of Time, requesting that all remaining deadlines be extended by 60 days. Dkt. 23. The Court granted the joint motion by Order of January 8, 2021. Dkt. 24. As a result, the remaining litigation deadlines were modified as follows:

- March 16, 2021: Motions to challenge or supplement the administrative record are due on or before this date.

- May 11, 2021: Plaintiffs to file their motion for summary judgment on the later of this date or within 30 days after the Court's resolution of any administrative record challenges.

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 3

- <u>July 13, 2021</u>:  Defendants to file their answer brief in opposition to Plaintiffs' motion for summary judgment and their cross-motion for summary judgment by the later of this date or within 60 days after Plaintiffs file their motion for summary judgment.

- <u>August 31, 2021</u>:  Plaintiffs to file a reply brief in support of their motion for summary judgment and their answer brief in opposition to Defendants' cross-motion for summary judgment by the later of this date or within 45 days after Defendants file their cross-motion for summary judgment.

- <u>October 5, 2021</u>:  Defendants to file their reply brief in support of their cross-motion for summary judgment by the later of this date or within 30 days after Plaintiffs file their answer brief in opposition to Defendants' cross-motion for summary judgment.

- <u>November 22, 2021</u>:  Parties to file a Joint Settlement Status Report by this date and every 90 days thereaft

Plaintiffs have supplied Defendants with correspondence indicating that Plaintiffs will likely file a comprehensive motion directed at the content of the 2019 Rule and 2020 Rule administrative records submitted by Defendants.

On January 20, 2021, President Biden issued Executive Order 13990, entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis."  86 Fed. Reg. 7037 (Jan. 20, 2021).  The Executive Order "directs all executive departments and agencies (agencies) to immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the past 4 years" that conflict with policies set forth in the Order.  *Id*.  The 2020 Rule is on the list of regulations to be reviewed.[2]  "For any such actions identified by the agencies, the heads of agencies shall, as appropriate and consistent with applicable law, consider suspending, revising, or rescinding the agency actions."  *Id.* at 7037, section 2(a).

---

[2]  See https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (item No. 2 under Department of Defense, and item No. 31 under EPA).

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 4

The Executive Order also provides that the Attorney General "may, as appropriate and consistent with applicable law, provide notice of this order and any actions taken pursuant to section 2(a) of this order to any court with jurisdiction over pending litigation related to those agency actions identified pursuant to section 2(a) of this order, and may, in his discretion, request that the court stay or otherwise dispose of litigation, or seek other appropriate relief consistent with this order, until the completion of the processes described in this order."  *Id*. at 7039.

EPA has requested that the Justice Department seek an abeyance or stay of proceedings in pending litigation seeking review of any EPA regulation promulgated between January 20, 2017, through January 20, 2021, to provide new EPA management with an opportunity to review the underlying rule or matter.  Accordingly, the Agencies have sought abeyances and/or continuances based upon the need for additional time for review of the 2020 Rule in numerous district court cases and in one appeal in the Tenth Circuit Court of Appeals.[3]

---

[3] Those cases include *Colorado v. EPA*, Nos. 20-1238, -1262, -1263, Doc. 010110474124 (10th Cir., Defendants' motion to hold appeals in abeyance filed Feb. 2, 2021) (pending); *S.C. Coastal Conservation League v. Wheeler,* No. 2:20-cv-01687, Dkt. 96 (D.S.C. Jan. 27, 2021) (30 day continuance of summary judgment hearing date; hearing not yet rescheduled); *Envtl. Integrity Project v. Wheeler*, No. 1:20-cv-01734, Dkt. 27 (D.D.C. Jan. 28, 2021) (court ordered the case stayed indefinitely); *Conservation Law Found. v. EPA*, No. 1:20-cv-10820, Dkt. 99 (D. Mass. Feb. 10, 2021) (court granted consent motion to extend deadline for reply brief to May 10, 2021); *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063, Dkt. 48 (D. Md. Feb. 2, 2021) (court ordered case held in abeyance through July 29, 2021); *Navajo Nation v. Wheeler*, No. 2:20-cv-602, Dkt. 27 (D.N.M. Feb. 4, 2021) (court granted joint motion to extend all deadlines by 30 days); *New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988, Dkt. 59 (D.N.M. Feb. 10, 2021) (court ordered case held in abeyance until May 1, 2021); *Murray v. Wheeler*, No.

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 5

**ARGUMENT**

The courts have inherent power to hold their own proceedings in abeyance. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

In addition, agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 42 (1983); *Modesto Irrigation Dist. v. Gutierrez*, 619 F.3d 1024, 1034 (9th Cir. 2010). An agency's interpretation of the statute it administers is not "carved in stone," but must be evaluated "on a continuing basis," for example, "in response to a change . . . in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted).

As indicated above, the President has directed the Agencies to review the 2020 Rule. That review will necessarily take a certain amount of time to initiate and pursue, particularly

---

1:19-cv-1498, Dkt. 42 (N.D.N.Y. Feb. 2, 2021) (case held in abeyance until August 2, 2021); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950, Dkt. 47 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021); *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564, Dkt. 113 (D. Or. Feb. 2, 2021) (court ordered case stayed through June 2, 2021); *Waterkeeper All. v.* Wheeler, No. 3:18-cv-03521, Dkt. 102 (N.D. Cal. Feb. 11, 2021) (parties filed stipulation to continue existing deadlines and stay proceedings for 60 days); and *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-569, Dkt. 95 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021).

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 6

because the administration is in the process of bringing new leadership to the Agencies and who must have sufficient time to review the Rules. For example, the EPA Administrator-designate has not yet been confirmed by the Senate.

The Agencies' review of the 2020 Rule may ultimately lead to the modification or withdrawal of the rule, which could affect the issues and arguments at play in this litigation and other related legal challenges regarding the regulatory definition of "waters of the United States." If that occurs, briefing regarding the 2019 and 2020 Rules at this time would be a waste of the Court's and parties' time and resources, and any decision may ultimately be a nullity. In any case, under the current litigation schedule, no substantive motions have yet been filed in this case and no decision on cross-motions for summary judgment could be rendered before October 5, 2021, at the very earliest, since that is the date by which Defendants are to file their reply brief in support of their cross-motion for summary judgment. Extensive briefing on the content of the administrative records and judicial resolution of such dispute is unnecessary at this time in light of the possibility that the 2020 Rule may be modified or withdrawn as a result of the ongoing review that is commencing. A 90-day abeyance of all deadlines in the case, followed by a status report with a proposal for further proceedings in the case at the end of that period, would recognize the potentially changing landscape and promote the interests of judicial economy and preservation of the parties' resources. The Court's Order of January 8, 2021, stated that "[t]he Court will grant the requested extension, but is not inclined to grant further extensions absent exceptional circumstances." Dkt. 24 at 1. The Defendants respectfully submit that the issuance of the Executive Order directing Defendants to review the 2020 Rule constitutes exceptional circumstances.

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 7

WHEREFORE, Defendants request that the Court place this case into abeyance for 90 days from the date of an order granting this motion.

                                                        Respectfully submitted,

                                                        JEAN E. WILLIAMS
                                                        Acting Assistant Attorney General
                                                        Environment & Natural Resources Division

Dated: February 17, 2021           By:    */s/ Daniel Pinkston*
                                                        HUBERT T. LEE
                                                        DANIEL PINKSTON
                                                        Environmental Defense Section
                                                        Environment & Natural Resources Division
                                                        U.S. Department of Justice
                                                        150 M Street NE, Room 4.1116
                                                        Washington, DC 20002
                                                        Hubert.lee@usdoj.gov
                                                        Daniel.pinkston@usdoj.gov
                                                        (202) 514-1806 (Lee)
                                                        (303) 844-1804 (Pinkston)

                                                        COUNSEL FOR DEFENDANTS

DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE FOR 90 DAYS - 8