# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasqua Yaqui Tribe, et al., | No. CV-20-00266-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Environmental Protection Agency, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Hold Case in Abeyance for 90 Days. (Doc. 25.)[1] Plaintiffs filed a Response in opposition (Doc. 26), and Defendants filed a Reply (Doc. 29). Plaintiffs thereafter filed two notices of supplemental information. (Docs. 30, 31.)

In this lawsuit, Plaintiffs challenge two final rules promulgated by the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers that define the phrase "waters of the United States" under the Clean Water Act. (Doc. 1 at 2.) The first rule, entitled "Definition of Waters of the U.S.: Recodification of Pre-Existing Rules," went into effect in 2019; the second rule, entitled "The Navigable Waters Protection Rule: Definition of Waters of the United States," went into effect in 2020 and replaced the 2019 rule. (*Id.* at 2-3; Doc. 25 at 2.) Plaintiffs allege that the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), EPA Administrator Michael Regan is automatically substituted for Defendant Andrew Wheeler, and Acting Assistant Secretary of the Army for Civil Works Taylor N. Ferrell is automatically substituted for Defendant R.D. James. The Court will direct the Clerk of Court to update the docket accordingly.

issuance of the 2019 and 2020 rules was arbitrary, capricious, and contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2), and they ask this Court to vacate and set aside the rules. (Doc. 1 at 3, 37-38.) The Court's review in this case is based on the administrative record, and the parties anticipate filing cross-motions for summary judgment. (Doc. 19 at 2-3.) Plaintiffs' summary judgment motion is currently due on or before May 11, 2021. (Doc. 24 at 1.)

Defendants ask the Court to hold the proceedings in this case in abeyance for a period of 90 days and then require the parties to file "a status report with a proposal for further proceedings." (Doc. 25 at 1-2, 7.) Defendants assert that an abeyance would promote judicial economy and preserve the parties' resources by providing Defendants time to review the definition of "waters of the United States" in light of the recent change in administration. (*Id.*) Defendants aver that on January 20, 2021, President Biden issued Executive Order 13990—entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis"—requiring agency review of all federal regulations and actions promulgated during the past four years that conflict with the policies set forth in the Executive Order. (*Id.* at 4 (citing 86 Fed. Reg. 7037 (Jan. 20, 2021)).) Defendants further aver that the EPA has asked the Justice Department to seek an abeyance or stay of proceedings in all pending litigation that seeks review of any EPA regulation promulgated between January 20, 2017 and January 20, 2021, in order to provide new EPA management with an opportunity to conduct the review required by Executive Order 13990. (*Id.* at 5.) Defendants argue that the required agency review of the 2020 rule at issue in this litigation "may ultimately lead to modification or withdrawal of the rule, which could affect the issues and arguments at play in this litigation and other related legal challenges." (*Id.* at 7.) If that happens, Defendants argue that "briefing regarding the 2019 and 2020 Rules . . . would be a waste of the Court's and parties' time and resources, and any decision may ultimately be a nullity." (*Id.*)

Plaintiffs oppose Defendants' Motion, arguing that delaying a ruling in this case

would cause substantial, potentially irreparable harm to them, and that Defendants cannot satisfy their burden of justifying a stay under *Landis v. North American Co.*, 299 U.S. 248 (1936). (Doc. 26.) Plaintiffs argue that damage to their interests and the nation's waters "is almost certain" given the regulatory vacuum left by the challenged 2020 rule and Defendants' active implementation of that rule, including at the Rosemont Mine site in the Santa Rita Mountains southeast of Tucson. (*Id.* at 5-9.)[2] Plaintiffs further argue that Defendants have not demonstrated any hardship or inequity in being required to go forward in this litigation, and that they do not provide a date for initiating review pursuant to Executive Order 13990 nor any commitment regarding the results of that review. (*Id.* at 5, 9-12.) Finally, Plaintiffs argue that an abeyance will not promote judicial economy and could instead "result in further protracted litigation over the Rules." (*Id.* at 12-13.) Plaintiffs "welcome and encourage" Defendants to review and repeal or substantially amend the challenged rules but state that they "cannot idly stand by while the Agencies fully apply and actively implement" the challenged 2020 rule "to the detriment of the Tribes' and the Nation's waters." (*Id.* at 7.)

In reply, Defendants argue that holding this case in abeyance for 90 days will allow the parties and the Court to obtain "a much better idea of the progress of the review process mandated by Executive Order 13990" so as to allow the Court to "make a more informed decision regarding how this case should proceed." (Doc. 29 at 7.) Defendants further argue that Plaintiffs have not shown that they will be harmed by a short abeyance. (*Id.* at 6-7.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A trial court may properly stay an action pending the resolution of separate administrative proceedings if doing so "is efficient for its own docket and the fairest course for the

---

[2] Plaintiffs' second notice of supplemental information includes a letter from the Corps of Engineers finding that waters of the United States do not occur within the review area at the Rosemont Mine site. (Doc. 31-1.)

- 3 -

parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). In determining whether to exercise its inherent power to stay proceedings, the Court must weigh competing interests. *Landis*, 299 U.S. at 254–55. "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). If there "is even a fair possibility" that a stay "will work damage to some one else," then the party requesting a "stay must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Furthermore, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Here, the ongoing implementation of the challenged 2020 rule creates a "fair possibility" that a stay or abeyance will cause damage to Plaintiffs and others with an interest in the integrity of the nation's waters, and Defendants have failed to establish "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*"). Depending upon the results of the anticipated agency review of the challenged 2020 rule, it is possible that an abeyance could avoid unnecessary expenses and conserve judicial resources. However, that possibility is speculative, and Defendants have offered no timeline of when agency review of the rule will begin, much less be completed. It appears that there is no reasonable expectation that such review will be complete within 90 days; Defendants indicate only that the parties and Court will have more information in 90 days. Because an abeyance of this litigation may result in damage to Plaintiffs or others and there is no indication that agency review of the challenged rule will be completed within a reasonable time, the

Court does not find that an abeyance is appropriate.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (district court abused discretion in staying case where stay was likely to damage plaintiff and it was unclear when stay would lift).

**IT IS ORDERED** that the Motion to Hold Case in Abeyance for 90 Days (Doc. 25) is **denied**.

**IT IS FURTHER ORDERED** that EPA Administrator Michael Regan is substituted for Defendant Andrew Wheeler, and Acting Assistant Secretary of the Army for Civil Works Taylor N. Ferrell is substituted for Defendant R.D. James, pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of Court is directed to update the docket accordingly.

Dated this 12th day of April, 2021.

_____
Honorable Rosemary Márquez
United States District Judge