IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasqua Yaqui Tribe, et al., | No. CV-20-00266-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Environmental Protection Agency, et al., | |
| Defendants. | |

On April 30, 2021, proposed Intervenors-Defendants Arizona Rock Products Association; National Stone, Sand, and Gravel Association; Arizona Cattle Feeders Association; Home Builders Association of Central Arizona; Arizona Farm and Ranch Group; Arizona Farm Bureau; and Arizona Chapter Associated General Contractors ("Intervenors") filed a Motion to Intervene (Doc. 33), seeking to intervene as defendants pursuant to Federal Rule of Civil Procedure 24. Intervenors aver that Plaintiffs do not oppose the Motion to Intervene provided that the intervention does not impact the current summary judgment briefing schedule and Plaintiffs are granted an additional 3,000 words for their combined reply/response to the cross-motions for summary judgment. (Doc. 33 at 2.) Intervenors further aver that Defendants take no position on the Motion to Intervene or on Plaintiffs' request for additional words. (*Id.*) Intervenors argue that they should be permitted to intervene as of right under Rule 24(a) because their Motion is timely, they have protectable interests that may be impeded by the disposition of this action, and they are not adequately represented by the existing parties. (*Id.* at 8-17.)

Alternatively, Intervenors request permissive intervention under Rule 24(b). (*Id.* at 17.)

## I. Legal Standard

On timely motion, the Court must allow intervention by anyone who has an unconditional statutory right to intervene or who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a); *see also Arekaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Furthermore, the Court may permit intervention by anyone who has a conditional statutory right to intervene or who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

## II. Discussion

Neither Plaintiffs nor Defendants oppose the Motion to Intervene, and Intervenors have adequately shown that they satisfy the requirements for intervention as of right under Rule 24(a)(2). Intervenors' Motion is timely given the recent change in administration and Environmental Protection Agency leadership, which Intervenors aver led them to conclude that their interests were no longer adequately represented by the Agency Defendants. Intervenors have legally protectable interests related to the subject of this action and are situated such that their ability to protect those interests may be impaired or impeded by the disposition of this litigation, because the governing definition of the term "waters of the United States" in the Clean Water Act affects the regulatory scheme under which Intervenors' members operate their business activities. Intervenors' interests are distinct and not adequately represented by the Agency Defendants, particularly since it is unclear to what extent the Agency Defendants will oppose Plaintiffs' arguments in this litigation.

**IT IS ORDERED** that the Motion to Intervene (Doc. 33) is **granted**. Intervenors are designated as Intervenors-Defendants in this lawsuit for all purposes, including the summary judgment briefing set forth in the Court's Scheduling Orders (Docs. 20, 24).

**IT IS FURTHER ORDERED** that Plaintiffs are granted an additional 3,000 words for their combined reply/response to the cross motions for summary judgment. All other provisions of the Court's Scheduling Orders remain in full force and effect.

Dated this 4th day of May, 2021.

_____
Honorable Rosemary Márquez
United States District Judge