Stuart C. Gillespie (CO Bar No. 42861) *(admitted pro hac vice)*
Alexandra O. Schluntz (MA Bar No. 704320) *(admitted pro hac vice)*
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
(303) 996-9616
sgillespie@earthjustice.org
aschluntz@earthjustice.org

Janette K. Brimmer (WA Bar No. 41271) *(admitted pro hac vice)*
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA 98104
(206) 343-7340
jbrimmer@earthjustice.org

*Counsel for Plaintiffs Pascua Yaqui Tribe, Quinault Indian Nation, Menominee Indian Tribe of Wisconsin, Tohono O'odham Nation, Fond du Lac Band of Lake Superior Chippewa, and Bad River Band of Lake Superior Chippewa*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA AT TUCSON

| | |
|---|---|
| Pascua Yaqui Tribe, *et al.*,<br>     Plaintiffs,<br>     v.<br>United States Environmental Protection Agency, *et al.*,<br>     Defendants,<br> and<br>Arizona Rock Products Association, *et al.*,<br>     Intervenors-Defendants,<br>and<br>Chantell Sackett; Michael Sackett,<br>     Intervenors-Defendants. | Case No. 4:20-cv-00266-RM<br><br>Assigned Judge: Rosemary Márquez<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ACCELERATE BRIEFING SCHEDULE** |

**INTRODUCTION**

Plaintiffs Pascua Yaqui Tribe, Quinault Indian Nation, Menominee Indian Tribe of Wisconsin, Fond du Lac Band of Lake Superior Chippewa, Tohono O'odham Nation, and Bad River Band of Lake Superior Chippewa ("Tribes") request an acceleration of the current schedule for summary judgment briefing in this case. The Tribes seek to expedite briefing in this case in light of new information provided by the Agencies showing that the challenged rules are causing "significant, ongoing and irreversible environmental damage" to the Tribes.[1] Email from Karen Gude, EPA (June 9, 2021), attached to Pls.' Mem. Opp'n Mot. Vol. Remand, Gillespie Decl. Ex. A.

Summary judgment briefing in this case has already commenced. In accordance with the current scheduling order, the Tribes filed their Motion for Summary Judgment on May 11, 2021. ECF No. 47. The current schedule provides that Cross Motions and Responses are due from the Army Corp of Engineers and U.S. Environmental Protection Agency ("Agencies") and Intervenors on July 13, 2021. ECF No. 24. The Tribes' final response/reply is due August 31, 2021 and the Agencies and Intervenors' final replies are not due until October 5, 2021. *Id.*

The Tribes seek to expedite the schedule for the last two briefs in the sequence. Specifically, the Tribes request a schedule directing the Tribes to file their final response/reply on summary judgment on August 6, 2021, and the Agencies and Intervenors to file their final replies are due September 3, 2021. This modification is appropriate to counteract the significant, irreversible harms caused by the Agencies' ongoing implementation of the challenged Rules during the pendency of this litigation.

---

[1] The Tribes challenge two related rules promulgated by the Agencies: the Repeal Rule and Navigable Waters Protection Rule ("Navigable Waters Rule" or "Rule").

# ARGUMENT

## ACCELERATION OF THE BRIEFING SCHEDULE IS APPROPRIATE TO STEM ONGOING HARM AND PREJUDICE TO THE TRIBES FROM THE NAVIGABLE WATERS RULE

It is well established that the court has wide discretion in managing its own case calendar. *Freeman v. Emp. Standards Admin.*, 71 Fed. Appx. 638 (9th Cir. 2003); *United States v. Batiste*, 868 F.2d 1089, 1091 n.4 (9th Cir. 1989). While this Motion is not one for a stay or extension of briefing, it is appropriate for the Court to analyze the Tribes' Motion here under the same factors that courts weigh in deciding to grant a stay or delay of briefing, because the effect of allowing briefing on the currently extended schedule is similar to a delay in briefing where the extended time is actively causing damage to the Tribes. The factors courts use to assess stays and extension of briefing are [1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, at 254–55 (1936)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Here, all three factors counsel in favor of accelerating the briefing schedule to minimize the significant harms to the Tribes due to Agencies' ongoing implementation of the Rules during the pending litigation.

<u>First</u>, an accelerated briefing schedule is appropriate to counteract the "fair possibility of . . . damage" created by the extended briefing schedule in this case. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). As recently admitted by the Agencies in their Motion for Remand (without

vacatur), ECF No. 72, and the supporting declarations, ECF No. 72, Exs. 1 & 2, the Agencies have applied and continue to apply the Navigable Waters Rule[2] at a record-setting pace, excluding thousands of acres of waters in the U.S. from the protections of the Clean Water Act. The Agencies themselves identify *at least* 333 projects nationwide that are no longer subject to Clean Water Act protections as a result of application of the Rule. ECF No. 72, Exs. 1 & 2 ¶ 15. They further admit that the Rule has caused and is causing "significant, ongoing and irreversible environmental damage" harm to the Tribes and Nation's waters. Pls.' Mem. Opp'n, Gillespie Decl. Ex. A.[3] These risks far exceed the fair possibility of harm standard, warranting an accelerated briefing schedule to prevent any further delay of this case. *See Dependable Highway Express, Inc.*, 498 F.3d at 1066 (finding forced arbitration to constitute "damage" that counseled against a stay); *Lockyer*, 398 F.3d at 1112 (finding concentrated ownership of multiple power plants under a single entity to constitute "damage" to electricity consumers that weighed against a stay).

Indeed, the Agencies' own estimate of the harms caused by the Rule is likely a significant underestimate that does not reflect "the full universe of projects" that have lost protections under the Rule. ECF No. 72, Exs. 1 & 2 ¶ 15. As the Agencies explain, many project proponents may not even seek a jurisdictional determination for newly excluded waters, meaning that the Agencies are not even aware of the full magnitude of harms caused by the Rule. *Id.* Of the individual water resources for which the Corp made jurisdictional determinations under the Rule, a staggering 76% were found to be

---

[2] The Navigable Waters Protection Rule, 85 Fed. Reg. 22,250 (Apr. 21, 2020).
[3] It further appears that the Agencies will not be defending the Navigable Waters Rule in summary judgment briefing. *See* ECF No. 72 (noting that the Agencies' motion for remand was submitted "in lieu of filing a response" to the Tribes' motion for summary judgment).

3

*non-jurisdictional*, that is, the Corps denied them the protections of the Clean Water Act for all time should the project proceed. *Id.* Of more than *1,500 streams* assessed in New Mexico and Arizona, "*nearly every one has been found to be a non-jurisdictional ephemeral resource, i.e. unprotected.*" *Id.* ¶ 16. The water resources that have been stripped of protections—many of which are ephemeral streams and non-adjacent wetlands such as those at the Rosemont Mine, as well as the PolyMet mine upstream of the Fond du Lac tribe—are at serious risk of "cascading and cumulative downstream effects" while the Rule remains in effect. *Id.* ¶ 20.[4] These harms are particularly severe for the Tribes due to the profound spiritual importance of water to their cultures. *See* Nunez, Howes, James, Reiter, & Vega Decls., ECF Nos. 48.1–48.5.

Furthermore, the harms caused by the Rule will continue to accumulate over the course of the litigation. According to the Agencies' most recent filings, they intend to continue implementing the Navigable Waters Rule for at least the next year and possibly longer, while the Agencies engage in a new rulemaking with no deadlines and no committed timeline. These ever-increasing harms further justify an expedited briefing schedule.

This is information that the Tribes (and Court) did not have at their disposal when they stipulated to the current briefing schedule. The Navigable Waters Rule and the Agencies' aggressive application of it is actively doing damage to waters throughout the United States and to tribal interests in particular. Under the current situation every week matters and therefore the Tribes request acceleration of the filing dates of the last two briefs in the summary judgment schedule.

---

[4] The Agencies have also raised concerns that the Navigable Waters Rule did not properly consider the connectivity of ephemeral streams to downstream waters. ECF No. 72, Exs. 1 & 2 ¶ 14 ("[A]gencies are concerned that the [Rule] did not look closely enough at the effect ephemeral waters have on traditional navigable waters . . . .").

Second, the Agencies and intervenors will be neither harmed nor prejudiced by the Tribes' requested schedule. As made clear by the courts, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Furthermore, the proposed schedule still provides time for briefing that is generous to the Agencies and the intervenors by the standards set forth in the Local Rules. Under the Local Rules, a response to a motion for summary judgment must be filed 30 days following the initial motion and a reply brief must be filed 15 days from the filing of the response brief. LRCiv 56.1(d). The Tribes' request to modify the briefing schedule will provide the Tribes 21 days following service of the Cross Motions and Responses of the Agencies and intervenors, and 27 days for the Agencies and intervenors to file their final replies. There is no prejudice to the Agencies and intervenors from the Tribes' proposed modified schedule.

Third, the "orderly course of justice," *Lockyer*, 398 F.3d at 1110 (quotation omitted), and economies of time are served in moving this case at a faster pace more in keeping with the magnitude of the harm from the Rule and with the timelines set forth in the Local Rules. It will allow the Court the time to reach the merits expeditiously and will ultimately aid the Agencies in their new rulemaking efforts.

## CONCLUSION

New information supplied by the Agencies themselves demonstrate that each week the Navigable Waters Rule is in effect puts waters that are critically important to the tribal Plaintiffs at risk. The Tribes therefore request an acceleration of the remainder of the summary judgment briefing schedule in an effort to stem as much of that harm as possible and in aid of an orderly process. The Tribes respectfully request the Court grant their Motion for Accelerated Briefing Schedule.

DATED: July 9, 2021

s/ Janette K. Brimmer
Janette K. Brimmer, WSBA # 41271
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA 98104
(206) 343-7340
jbrimmer@earthjustice.org

Stuart C. Gillespie, CO # 42861
Alexandra O. Schluntz, MA #704320
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
(303) 996-9616
sgillespie@earthjustice.org
aschluntz@earthjustice.org

*Counsel for Pascua Yaqui Tribe, Quinault Indian Nation, Fond du Lac Band of Lake Superior Chippewa, Menominee Indian Tribe of Wisconsin, Tohono O'odham Nation, and Bad River Band of Lake Superior Chippewa*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2021, I electronically filed the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ACCELERATE BRIEFING SCHEDULE** with the Clerk of the District Court using the CM/ECF system, which will send notice of this filing by e-mail to all counsel of record.

Daniel Pinkston, CO #11423
999 18th Street,
South Terrace, Suite 370,
Denver, CO 80202
daniel.pinkston@usdoj.gov
Phone: (303) 844-1804
Facsimile: (303) 844-1350

*Attorney for Defendants*

Bradley J. Glass (022463)
Stuart S. Kimball (026681)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
brad.glass@gknet.com
stuart.kimball@gknet.com
Phone: (602) 530-8000
Facsimile: (602) 530-8500

*Attorneys for Intervenors-Defendants*
*Arizona Rock Products Association, et al.*

JAMES M. MANLEY, Ariz. Bar. No. 031820
Pacific Legal Foundation
3241 E Shea Boulevard, # 108
Phoenix, Arizona 85028
jmanley@pacificlegal.org
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

ANTHONY L. FRANÇOIS, Cal. Bar. No. 184100*
CHARLES T. YATES, Cal. Bar No. 327704*
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
afrancois@pacificlegal.org
cyates@pacificlegal.org
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Attorneys for Intervenors-Defendants
Chantell and Michael Sackett*

                                                s/ Janette K. Brimmer