Hubert T. Lee
Daniel Pinkston
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC 20002
Hubert.lee@usdoj.gov
Daniel.pinkston@usdoj.gov
(202) 514-1806 (Lee)
(303) 844-1804 (Pinkston)

Counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA AT TUCSON

| | |
|---|---|
| Pasqua Yaqui Tribe, et al., | ) |
| | ) Case No. 4:20-cv-00266-RM |
| Plaintiffs, | ) |
| | ) Assigned Judge: Hon. Rosemary Márquez |
| v. | ) |
| | ) DEFENDANTS' REPLY IN SUPPORT OF |
| United States Environmental | ) OPPOSED MOTION FOR VOLUNTARY |
| Protection Agency, et. al., | ) REMAND OF THE NWPR WITHOUT |
| | ) VACATUR AND OPPOSED MOTION FOR |
| Defendants, | ) ABEYANCE OF BRIEFING ON THE 2019 |
| | ) RULE CLAIMS |
| and | ) |
| | ) |
| Arizona Rock Products | ) |
| Association, et al., | ) |
| | ) |
| Intervenor-Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| Chantell Sackett and Michael Sackett, | ) |
| | ) |
| Intervenor-Defendants. | ) |
| | ) |

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND - 1

Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, the United States Army Corps of Engineers ("Corps"), and Acting Assistant Secretary of the Army Jaime Pinkham (collectively, the "Agencies") submit this reply brief in support of their motion to remand the "Navigable Waters Protection Rule: Definition of 'Waters of the United States,' " 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "NWPR") to the Agencies and to dismiss the claims challenging that rule. *See* Defs.' Opposed Mot. for Voluntary Remand of the NWPR Without Vacatur and Opposed Mot. for Abeyance of Briefing on the 2019 Claims, ECF No. 72 ("Remand Mot."). The Agencies have also moved to hold further briefing on the rule entitled "Definition of 'Waters of the United States' – Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule"), in abeyance pending resolution of the Agencies' request for remand of the NWPR.

The Court should grant the Agencies' motion for remand to complete a new rulemaking and should decline Plaintiffs' request for vacatur or further consideration of the merits. Plaintiffs oppose remand unless the NWPR is also vacated and alternatively argue that the Court should deny remand and consider the case on the merits.[1] Plaintiffs' Mem. in Opp'n. to Mot. for Voluntary Remand Without Vacatur and Mot. for Abeyance of Briefing ("Pl. Mem."), ECF No. 74 at 1, 3-11, 12-16. These proposals are

---

[1] Intervenor-Defendants Arizona Rock Products Association, et al., do not oppose remand of the NWPR without vacatur but do not agree with the Agencies' rationale for such action. Intervenor-Defendants Chantell Sackett and Michael Sackett oppose remand of the NWPR.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND - 2

unwarranted. The Agencies are commencing a new notice-and-comment rulemaking that will allow the parties' concerns to be addressed in a thorough and transparent manner that will be informed by input from all interested stakeholders. On remand, the parties are free to press forward with their arguments during the notice-and-comment period for the new rulemaking and are likewise free to challenge the new rule once it has been issued.

Conversely, further consideration of the merits in this case would potentially waste the Court's and the parties' resources, debating the substance of a rule that may be subject to significant change. In addition, further merits proceedings could potentially risk asking the Agencies to opine about specific issues that currently are the subject of a new rulemaking. The Agencies' requested remand without vacatur is appropriate because it enables the Agencies to complete their rulemaking on a new definition of "waters of the United States" *before* judicial review on the merits. From a practical standpoint, remand would conserve the parties' limited resources and would best serve the interest of judicial economy because the Agencies' new final rule may resolve or moot some or all of the claims presented in this litigation.

**ARGUMENT**

**I.    REMAND WITHOUT VACATUR IS APPROPRIATE**

As addressed in the Agencies' motion for remand, remand without vacatur is proper because the Agencies have completed their review of the NWPR and have decided to initiate a new rulemaking to revise the definition of "waters of the United States." Remand Mot., Ex. 1, Fox Decl. ¶¶ 8–10 (ECF No. 72-1); Ex. 2, Pinkham Decl. ¶¶ 8–10 (ECF No. 72-2). Plaintiffs do not allege bad faith here. Therefore, where, as here, the

opposing party has made no showing of bad faith, the Court should defer to this administrative process.  Remand Mot. 8–9.  And, to the extent that the "vacatur" Plaintiffs seek would preclude application of the NWPR to persons not before this Court, it is inconsistent with the principle that "[r]emedies . . . ordinarily 'operate with respect to specific parties.' "  *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (citation omitted).

The Agencies have presented a classic case for remand without vacatur.  The administrative rulemaking process, not judicial review, is the preferred course for the Agencies to address their perceived flaws with the NWPR.  Courts "have recognized that '[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts.' "  *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quoting *Commonwealth of Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)).  "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)).  Here, the Agencies seek remand because they intend to redefine "waters of the United States."  To that end, the Agencies are commencing a new rulemaking, which will allow them to address the alleged legal and policy flaws in the NWPR in a comprehensive and transparent manner with full participation by interested members of the public.

The Agencies in no way diminish Plaintiffs' concerns, both as to the merits of the NWPR itself and as to the resulting environmental harm.  Indeed, the Agencies have

candidly acknowledged that they share many of Plaintiffs' concerns.  *See, e.g.*, Fox. Decl. ¶¶ 10–20; Pinkham Decl. ¶¶ 10–20.[2]  Yet, Plaintiffs' proposal for vacatur, Pl. Resp. 4, asks the Court to decide issues that are better resolved by the Agencies in the first instance and risks asking the Agencies to opine about issues that presently are under reconsideration.  Granting remand and dismissal has the added benefit of conserving both the parties' and the Court's resources by resolving the current litigation over the NWPR and by potentially resolving Plaintiffs' concerns, thereby preventing additional litigation. Remand Mot. 12–15.  Continuing with merits proceedings would interfere with the Agencies' new rulemaking.  The Agencies are undisputedly entitled to commence a new rulemaking to define "waters of the United States," and the Court should defer to this process.  *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) ("Agencies are free to change their existing policies as long as they provide a reasoned explanation for the change.").

      Remand would not prejudice Plaintiffs, who are able to participate in the notice-and-comment opportunities provided by the new rulemaking.  Remand Mot. 15–16.  In sum, because the Agencies are commencing a new rulemaking to address their concerns with the NWPR, the Court should grant the Agencies' motion for voluntary remand

---

[2] While the Agencies acknowledge they have "substantial concerns" regarding the effects of the NWPR on the nation's waters, *e.g.*, Fox Decl. ¶¶ 8, 10, 13; Pinkham Decl. ¶¶ 8, 10, 13, the Agencies do not go so far as to confess legal error in requesting that the NWPR be remanded to the Agencies.  *See* Remand Mot. 9, 11.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND - 5

instead of continuing to litigate the merits of the NWPR, a rule that likely will be replaced in the future.[3]

## II. THE COURT SHOULD HOLD CONSIDERATION OF PLAINTIFFS' CLAIMS REGARDING THE 2019 RULE IN ABEYANCE PENDING RESOLUTION OF THE REMAND MOTION

The Agencies have requested that the Court hold consideration of Plaintiffs' claims regarding the 2019 Rule in abeyance, but only pending the resolution of the Agencies' motion for remand. Remand Mot. at 16-17. As noted in that motion, the 2019 Rule is not currently in effect and so does not create alleged irreparable injury to Plaintiffs while the motion for remand is litigated. *Id.* at 16.

In addition, the Agencies only seek to hold consideration of the 2019 Rule in abeyance for a short period of time. *Id.* The Agencies have requested that the Court order the parties to propose further proceedings regarding the 2019 Rule once the motion for remand has been resolved. *Id.* at 17. Such an order is within the Court's discretion and makes pragmatic sense given the procedural context of this case.[4]

---

[3] In the first decision on a motion for remand of the NWPR without vacatur, the District of South Carolina granted the Agencies' motion and remanded without vacatur and dismissed the case. *S.C. Coastal Conservation League v. Regan*, Case No. 2:20-cv-01687-BHH, Order, ECF No. 147 (July 15, 2021). A copy of the Order is attached hereto as Exhibit 3.

[4] On July 9, 2021, Plaintiffs filed a Motion to Accelerate Briefing Schedule (ECF No. 75) and Memorandum in Support (ECF No. 76), in which they seek to expedite remaining summary judgment briefing on the NWPR and the 2019 Rule. Motion to Accelerate at 2. The Agencies oppose that relief as to briefing on the 2019 Rule because it conflicts with the Agencies' present motion to hold 2019 Rule briefing in abeyance pending resolution of their motion for remand.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND - 6

## CONCLUSION

For the foregoing reasons, and for the reasons identified in Defendants' motion for remand, the Agencies respectfully ask the Court to remand the NWPR, without vacatur, and to dismiss the claims challenging the NWPR, rather than requiring the Agencies to litigate a rule that may be substantially revised or replaced.

Respectfully submitted this 16th day of July 2021.

*/s/ Daniel Pinkston*
DANIEL PINKSTON
HUBERT T. LEE
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, I electronically transmitted the foregoing to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.

*/s/ Daniel Pinkston*

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND - 8