HUBERT T. LEE
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC 20002
Hubert.Lee@usdoj.gov
Daniel.Pinkston@usdoj.gov
(202) 514-1806 (Lee)
(303) 844-1804 (Pinkston)

Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA AT TUCSON**

| | |
|---|---|
| PASCUA YAQUI TRIBE, et al., Plaintiffs, v. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et. al., Defendants, and ARIZONA ROCK PRODUCTS ASSOCIATION, et al., Intervenors-Defendants, and CHANTELL SACKETT and MICHAEL SACKETT, Intervenors-Defendants. | Case No. 4:20-cv-00266-RM<br><br>Assigned Judge: Hon. Rosemary Márquez<br><br>DEFENDANTS' OPPOSITION TO BUSINESS INTERVENORS' MOTION FOR STAY PENDING APPEAL |

Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers ("Corps"), and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham (collectively, "Agencies") submit the following memorandum in opposition to the Motion for Stay Pending Appeal ("Stay Mot."), ECF Nos. 104, 105, filed by the "Business Intervenors" [1] on October 25, 2021.

A motion for stay pending appeal is not warranted in this case. The Business Intervenors' appeal is premature, and so they cannot establish a likelihood of success on the merits of their appeal. Moreover, in their stay motion, the Business Intervenors barely defend the Navigable Waters Protection Rule ("NWPR") challenged in this case, and the merits issues they do raise are not adequately presented. Nor do they establish that they will suffer any irreparable harm or that the public interest favors a stay. Indeed, as the Agencies described in their declarations, it is the NWPR that threatens significant harm to water resources and therefore the public interest. This Court's Order returned to the familiar status quo, in place for years, pending the Agencies' ongoing rulemaking. The Business Intervenors will have an opportunity to participate in that rulemaking and can return to court to raise many of the same issues raised in this Court when the ongoing rulemaking is final.

BACKGROUND

[1] Arizona Rock Products Association; National Stone, Sand and Gravel Association; Arizona Cattle Feeders Association; Home Builders Association of Central Arizona; Arizona Farm and Ranch Group; Arizona Farm Bureau; and Arizona Chapter Associated General Contractors.

A. Proceedings in this Case and Order Appealed From

Plaintiffs filed their Complaint in this case on June 22, 2020, ECF No. 1, challenging two rules promulgated by the Agencies relating to the definition of "waters of the United States" in the Clean Water Act ("CWA"): (a) Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule") and (b) The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR"). With the 2019 Rule, the Agencies repealed prior regulations defining "waters of the United States" (80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule")) and reinstated the regulatory framework in place prior to promulgation of the 2015 Rule. The Agencies again revised the definition of "waters of the United States" with the NWPR. In their Complaint, Plaintiffs alleged that the Agencies exceeded their authority and acted contrary to the CWA by adopting certain provisions in the NWPR (Count I); that promulgating the NWPR was arbitrary and capricious for a variety of reasons (Counts II and III); that the Agencies promulgated the NWPR's waste treatment system exclusion in violation of notice-and-comment requirements (Count IV); and that the 2019 Rule is arbitrary and capricious, an abuse of discretion, and contrary to the CWA (Count V). The Agencies answered on September 8, 2020. ECF No. 17.

On May 5, 2021, the Court granted Business Intervenors' motion to intervene as intervenor-defendants, ECF No. 43, and Chantell and Michael Sackett's intervention motion on May 14, 2021, ECF No. 70.

Plaintiffs filed a motion for summary judgment on May 11, 2021. ECF Nos. 47-68. The Business Intervenors filed an opposition and cross-motion for summary judgment on July 13, 2021, ECF Nos. 79-81, as did the Sackett Intervenors, ECF Nos. 77, 78.

On June 9, 2021, the Agencies announced their intent to revise the definition of "waters of the United States." U.S. EPA, *Intention to Revise the Definition of "Waters of the United States*," https://epa.gov/wotus/intention-revise-definition-waters-united-states (last accessed Nov. 12, 2021). The Agencies subsequently issued a *Federal Register* notice announcing that they intend to undertake two rulemakings. 86 Fed. Reg. 41,911 (Aug. 4, 2021). The first, and forthcoming, rule will propose to restore the regulations defining "waters of the United States" in place for decades before 2015 with amendments to reflect the Agencies' interpretation of the statutory limits on the scope of the "waters of the United States" informed by Supreme Court case law. The Agencies anticipate issuing that proposed rule within the coming weeks. The Agencies then intend to propose a second rule that builds upon that regulatory foundation with the benefit of additional stakeholder engagement.

On July 2, 2021, in lieu of responding to Plaintiffs' motion for summary judgment, the Agencies filed their Opposed Motion for Voluntary Remand of the NWPR Without Vacatur and Opposed Motion for Abeyance of Briefing on the 2019 Rule Claims. ECF No. 72 ("Remand Motion"). The Agencies expressed significant concerns with the NWPR, "including whether the NWPR adequately considered the CWA's statutory objective in determining the scope of 'waters of the United States,' "

but did not concede legal error with regard to the NWPR. *Id.* at 11. Plaintiffs submitted an opposition to the Remand Motion, stating that any remand must be accompanied by vacatur of the NWPR or that the parties should be directed to complete summary judgment briefing. ECF No. 74 at 1. The Business Intervenors stated in their response that they "[did] not oppose the relief sought in the Agencies' Motion," but disagreed with many of the Agencies' statements in the Remand Motion regarding the 2019 Rule and the NWPR and argued that any remand should be without vacatur. ECF No. 85 at 2. The Sackett Intervenors opposed remand to the extent it involved the "adjacent wetlands" provisions of the NWPR and also opposed vacatur if the NWPR was remanded. ECF No. 84 at 1.

After oral argument on the Remand Motion and on Plaintiffs' motion to expedite summary judgment briefing, ECF No. 75, the Court issued its Order on August 30, 2021, ECF No. 99 ("Order"). After noting that neither Plaintiffs nor Business Intervenors opposed a remand of the NWPR and rejecting the Sackett Intervenors' opposition, the Court granted the Agencies' request for voluntary remand of the NWPR. Order at 5-6.

With regard to vacatur, the Court cited *California Communities Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012), in stating that whether agency action should be vacated "depends on how serious the agency's errors are and the disruptive consequences of an interim change that may itself be changed." Order at 6. The Court stated that the Ninth Circuit has ordered remand without vacatur in only limited circumstances, such as when vacatur would risk environmental harm or when the

agency could, with better reasoning, adopt the same rule on remand. *Id*. The Court found that, "in the Ninth Circuit, remand with vacatur may be appropriate even in the absence of a merits adjudication," and that "[a]ccordingly, the Court will apply the ordinary test for whether remand should include vacatur." *Id*. at 7.

Regarding the "seriousness of agency errors" issue, the Court described Plaintiffs' arguments that the NWPR was flawed and stated that the Agencies agreed that there were "substantial concerns about certain aspects of the NWPR," including whether the NWPR sufficiently considered the CWA's statutory objective and the effects of the NWPR on the nation's waters. *Id*. at 8 (citing the Remand Motion and attachments). The Court said that the "concerns identified by Plaintiffs and the Agency Defendants are not mere procedural errors or problems that could be remedied through further explanation." *Id*. at 9. The Court also stated that remand without vacatur would risk "serious environmental harm" and that potential regulatory uncertainty resulting from vacatur was not a sufficient reason to justify remand without vacatur. *Id*. at 9-10.

The Court therefore vacated and remanded the NWPR and dismissed the Complaint to the extent it challenges the NWPR. *Id*. at 11. The Court also denied all pending summary judgment motions without prejudice and required the parties to submit proposals concerning litigation of Plaintiffs' challenge to the 2019 Rule.[2] *Id*.

---

[2] The Court subsequently granted the parties' joint motion to extend the time by which they must submit proposals for litigation of Plaintiffs' claims against the 2019 Rule to November 30, 2021. ECF Nos. 101, 102.

at 10-11. The Court did not provide instructions to the Agencies regarding the content of their actions on remand.[3]

The Business-Intervenors subsequently filed a notice of appeal, ECF No. 106, and the Stay Motion, ECF Nos. 104-105.

B. Standards for Motions for Stay Pending Appeal

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). Issuing a stay is a matter of "judicial discretion," and "[t]he party requesting a stay bears the burden of showing that circumstances justify an exercise of that discretion." *Id*. at 433-34.

The courts consider four factors in determining whether to issue a stay:

> (1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 434 (cleaned up); *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

---

[3] On September 27, 2021, Judge Vázquez of the District of New Mexico entered an order remanding and vacating the NWPR. Order at 9-10, *Navajo Nation v. Regan*, No. 2:20-cv-00602, ECF No. 43. There are no intervenors in *Navajo Nation*, and the agency defendants have determined that they will not appeal that order. Since this Court issued the Order, a number of other courts have granted remand of the NWPR, either without vacatur or without addressing vacatur: Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-10820 (D. Mass. Sept. 1, 2021), ECF No. 122; Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021), ECF No. 271; Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-02521 (N.D. Cal. Sept. 16, 2021), ECF No. 125; and Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277 (D.N.M. Sept. 21, 2021), ECF No. 40.

The first two factors are the most critical. *Nken*, 556 U.S. at 434. In the Ninth Circuit, an applicant must show that there is "a substantial case for relief on the merits," although it need not demonstrate that it is more likely than not that it will win on the merits. *Lair*, 697 F.3d at 1204 (citation omitted); *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). The applicant must also show "that there is a *probability* of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214. A "possibility" of irreparable injury is not sufficient to satisfy the second factor. *Nken*, 556 U.S. at 434-35.

The last two factors, whether issuance of the stay will substantially injure the other parties to the proceeding and the public interest involved, merge when the government is the opposing party. *Id*. at 435.

## ARGUMENT

### I. THE STAY MOTION MUST BE DENIED BECAUSE BUSINESS INTERVENORS CANNOT SHOW THAT THEY HAVE A LIKELIHOOD OF SUCCESS ON THE MERITS OF THE APPEAL

The Agencies generally agree with the proposition that, in a voluntary remand context where the agency does not confess error, vacatur should be ordered only after the court has resolved the merits and that the scope of a vacatur order should be limited to providing relief to the parties in the proceeding. However, here it is unclear to what extent these general legal principles are applicable to this Court's Order or

how, if at all, they would affect the Business Intervenors' likelihood of success on appeal.[4]

In addition, the Business Intervenors cannot make a "substantial case for relief on the merits" of the appeal, *Lair*, 697 F.3d at 1204 (citation omitted), much less a "strong showing that it is likely to succeed on the merits," *Whole Woman's Health v. Jackson*, 141 S.Ct. 2494, 2495 (2021) (cleaned up), because the Order is not appealable as to them. As we demonstrate below, the Order is unappealable (a) under Fed. R. Civ. P. 54(b) because not all issues in the case were resolved through the Order; (b) pursuant to 28 U.S.C. § 1291 because remand orders are ordinarily not appealable by non-government parties; and (c) under 28 U.S.C. § 1292(a)(1) because the Order is not injunctive in nature as to the Business Intervenors.

A. The Order does not dispose of all claims in this case or the claims of all parties, and the Order is therefore not appealable pursuant to Fed. R. Civ. P. 54(b).

Because the Court has not resolved all of the claims in this case—the claims challenging the 2019 Rule are still pending—the Order is not final and thus not appealable pursuant to 28 U.S.C. § 1291. Fed. R. Civ. P. 54(b) addresses this exact

[4] The Agencies also note that Business Intervenors' likelihood of success on the merits would also depend on the application of these broad legal principles to complexities in the record of this case that their motion does not fully grapple with. For example, while the Court did state that a finding on the merits was unnecessary, later in its opinion the Court also noted what it believed to be serious errors in the rule. *See* Order at 9-10. In addition, Business Intervenors have not explained how the scope of relief issue can best be applied in this complex case, which, among other things, involves claims brought by Tribal plaintiffs from multiple states.

situation and provides a route to an interlocutory appeal, but the Business Intervenors have not followed it. The rule states in part that

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . .

In sum, a district court order is not appealable unless it "disposes of all claims as to all parties or unless judgment is entered in compliance with" Rule 54(b). *United States v. Gila Valley Irr. Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (cleaned up). *See also Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1068 (1985) ("[A] court of appeals does not have jurisdiction over an appeal from a district court order dismissing less than all claims alleged in a complaint unless the district court has made the express determination that Rule 54(b) . . . requires." (Stevens, J., concurring)). As stated by the D.C. Circuit, "as a general matter, when orders don't terminate all the claims and all the parties, we have no jurisdiction to review them." *In re: Domestic Airline Travel Antitrust Litig.*, 3 F.4th 457, 459 (D.C. Cir. 2021). To make such an order appealable, a court must (a) make an express determination that there is no just reason for delay; and (b) make an express direction for the entry of judgment. *Gila Valley Irr. Dist.*, 859 F.3d at 797.

In this case, the Order did not dispose of all claims, because Plaintiffs' challenge to the 2019 Rule still remains, Order at 10-11, and all parties still remain in the litigation. The Court has not made the findings required to make the Order

appealable, and therefore the Ninth Circuit does not have jurisdiction to consider the Business Intervenors' appeal. As a result, the Business Intervenors have not made a sufficient showing that they may succeed on the merits of the appeal.

B. The Order is not a "Final Decision" within the meaning of 28 U.S.C. § 1291 and is therefore not appealable.

Ordinarily, a remand order will not be considered a "final decision" for purposes of 28 U.S.C. § 1291. *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1174 (9th Cir. 2011). However, a remand may be considered "final" for appellate jurisdiction purposes where

> (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.

*Crow Indian Tribe v. United States*, 965 F.3d 662, 676 (9th Cir. 2020) (cleaned up). Because the Ninth Circuit "appl[ies] a practical construction to the finality requirement . . ., these are considerations, rather than strict prerequisites." *Sierra Forest Legacy*, 646 F.3d at 1175. Application of the factors leads to the conclusion that ordinarily only the agency involved may appeal a remand order, *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018), and that, in the remand context, appellant-intervenors "do not succeed to the agency's right to appeal, which is unique to itself." *Alsea Valley All. v. Dep't of Comm.*, 358 F.3d 1181, 1185 (9th Cir. 2004) (cleaned up). An agency's right to appeal a remand order is based on application of the third factor, that judicial review would be unavailable if

an immediate appeal is not allowed because, if the agency could not appeal a remand order, it would be required to apply the court's potentially erroneous directions on remand but would be unable to appeal its own revised action. *Id*. at 1184. The same is not true for private parties.

In this case, none of the factors suggests that the Order is final as to the Business Intervenors. First, the Court did not "conclusively resolve[ ] a separable legal issue." *Crow Indian Tribe*, 965 F.3d at 676. The matter came to the Court on the Agencies' motion for voluntary remand, in which they did not admit error. The Court's discussion of problems with the NWPR in the context of the propriety of vacatur focused on Plaintiffs' allegations in the Complaint and summary judgment pleadings, and on the Agencies' expressed concerns regarding the NWPR, without directing the Agencies to take any particular actions on remand (other than to resume implementing the pre-2015 regulatory regime). That circumstance means that the second prong, whether the Court's Order requires the Agencies to "apply a potentially erroneous rule" on remand, *id*., is also inapplicable.

Regarding the third prong, the Ninth Circuit has held that "a remand was not a final order with respect to private parties whose positions on the merits would be considered during the agency proceedings on remand." *Crow Indian Tribe*, 965 F.3d at 675 (cleaned up).[5] In this case, the Business Intervenors will have an opportunity

[5] In *Crow Indian Tribe* the court held that intervenors there were able to appeal a remand order, "because the district court has issued a definitive ruling, contrary to the Intervenors' position," and "[a]n appeal is the only way the Intervenors' objections can be considered." 965 F.3d at 676. In this case, by contrast, the Order does not

to provide their comments on remand during the Agencies' forthcoming rulemaking and will have the opportunity to challenge any final rule the Agencies may ultimately promulgate. Accordingly, an appeal does not lie under 28 U.S.C. § 1291.

C. The Order is not appealable under 28 U.S.C. § 1292(a)(1).

Nor is the Order appealable under 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) authorizes appeals from "interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." As an initial matter, the Court's Order does not directly issue an injunction; Plaintiffs had not moved for one, and the Court did not say it was issuing one.

While some orders are appealable if the "substantial effect" is that of an injunction, *see United States v. Orr Water Ditch Co.*, 391 F.3d 1077, 1081 (9th Cir. 2004), this Order is plainly not injunctive in nature as to the *intervenors*. *See Sierra Club v. Dep't of Agric.*, 716 F.3d 653, 659-60 (D.C. Cir. 2013) (holding that order was not appealable by intervenors because injunction was entered against agency and injunction did not have any purpose beyond remanding). The Order is not directed toward the Business Intervenors and does not mandate or prohibit any action by them. While it has the effect of changing the law that might apply to some of their activities,

definitively determine legal issues to be applied on remand by the Agencies, so that Business Intervenors are free to raise their concerns on remand and to appeal any new final rule on "waters of the United States" that the Agencies may issue.

that does not make the Order an injunction that is enforceable against the Business Intervenors.

As a result, the Court's Order is not a "final decision" within the meaning of 28 U.S.C. § 1291 and is not appealable. The Business Intervenors therefore cannot make a "substantial case" on the merits on the appeal.

## II. THE BUSINESS INTERVENORS HAVE NOT SHOWN IRREPARABLE INJURIES SUFFICIENT TO JUSTIFY A STAY PENDING APPEAL

Even accepting Business Intervenors' assertions that they have incurred and will continue to incur additional expenses to comply with the Order vacating the NWPR, such injuries do not rise to a level that justifies staying the Order pending appeal. Business Intervenors contend that the cost of complying with the pre-2015 regulatory definition of "waters of the United States" during the pendency of the Agencies' ongoing rulemaking constitutes an irreparable injury warranting a stay of the Order pending appeal. Stay Mot., ECF No. 105, at 12-14.

But courts routinely decline to recognize the economic costs of complying with an order as an irreparable injury warranting a stay. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *N. Plains Res. Council v. U.S. Army Corps of Eng'rs*, 460 F. Supp. 3d 1030, 1047 (D. Mont. 2020) (denying a stay pending appeal when, among other things, "intervenors' alleged harm stems from the requirement that Intervenors and their members follow

the law and obtain permits for their projects. These types of ordinary compliance costs likewise do not rise to the level of irreparable harm.”)).[6] Moreover, as the Court noted in the Order, “[t]he pre-2015 regulatory regime is familiar to the Agencies and industry alike, and the Agencies have expressed an intent to repeal the NWPR and return to the pre-2015 regulatory regime while working on a new definition of ‘waters of the United States.’ ” Order at 10. The expenditure of resources needed to comply with the Court’s vacatur order simply does not rise to the level of irreparable harm justifying a stay pending appeal.

Additionally, Business Intervenors complain that the NWPR’s vacatur and reinstatement of the pre-2015 regulatory regime only invites further uncertainty with respect to future permitting requirements. Stay Mot., ECF No. 105, at 14. But this uncertainty exists regardless of which interim rule is in place during the pendency of the Agencies’ new rulemaking—the NWPR or the pre-2015 rule. Until the Agencies conclude their rulemaking process, there will be uncertainty regarding future permitting requirements. And, as mentioned above, on September 27, 2021, the court in *Navajo Nation v. Regan* issued an order remanding and vacating the NWPR. Order at 9-10, No. 2:20-cv-00602 (D.N.M.), ECF No. 43. Even if the Court stayed its

---

[6] Business Intervenors cite *Local Joint Executive Board of Las Vegas v. National Labor Relations Board*, 840 Fed. App’x 134, 137-38 (9th Cir. 2020), in support of their claim that the cost of complying with the prior permitting regime constitutes an irreparable harm. Stay Mot., ECF No. 105, at 14. *Las Vegas*, however, is inapposite in that it does not involve a request to stay a district court order pending an appeal. Rather, the Ninth Circuit was deciding whether to remand an agency decision with or without vacatur, an inquiry that does not require the court to find irreparable harm.

remand and vacatur Order pending appeal here, the Business Intervenors would still be subject to the *Navajo Nation* nationwide vacatur order.

III. THE PUBLIC INTEREST AND THE BALANCE OF HARDSHIPS WEIGH AGAINST STAYING THE COURT'S VACATUR ORDER

The public interest and balance of harms also weigh against staying the Order. *See Nken*, 556 U.S. at 435 (holding that two of the factors, "harm to the opposing party and weighing the public interest[,] . . . merge when the Government is the opposing party"). In the Agencies' Remand Motion, the Agencies candidly admitted that they shared some of the Plaintiffs' concerns regarding the merits of the NWPR and its resulting environmental harms. Remand Motion at 11. The Court noted these environmental harms in vacating the NWPR. Order at 10-11. In the Ninth Circuit, there is a "well-established public interest in preserving nature and avoiding irreparable environmental injury." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (cleaned up).

Without support, Business Intervenors contend that there is a public interest in having a judicial decision regarding the merits of the NWPR. They also argue that a reinstatement of the NWPR would be in the public interest because the NWPR provides greater regulatory certainty for the regulated community. Stay Mot., ECF No. 105, at 16. They argue that these public interests outweigh the environmental harms they characterize as speculative. *Id*. at 15. These contentions are meritless. This Court has already recognized the potential for "serious environmental harm if the NWPR remains in place upon remand." Order at 10. Similarly, the Agencies have

noted their concerns about these same harms and are currently undertaking a new rulemaking process to fairly evaluate and address them with the benefit of full public notice and opportunity to comment (including by the Business Intervenors). Moreover, as the Court observed, the pre-2015 regulatory regime, which the Agencies are currently implementing, "is familiar to the Agencies and industry alike, and the Agencies have expressed an intent to . . . return to the pre-2015 regulatory regime." Order at 10. The strong public interest in addressing these concerns about environmental injury through a new rulemaking process and in avoiding undue regulatory back-and-forth during the pendency of that rulemaking clearly outweighs what amounts to Business Intervenors' pecuniary preference for the NWPR. In short, maintaining the status quo and allowing the Agencies to pursue an orderly rulemaking in re-defining "waters of the United States" best serves the public interest.

CONCLUSION

The Business Intervenors have not met the prerequisites for the issuance of a stay pending appeal because they have not shown a substantial likelihood of success on the merits (including because this matter is not appealable as to them); because they have not demonstrated that they will suffer irreparable injury if the stay pending appeal is not granted; and because the public interest and the balance of harms do not support issuance of a stay. Therefore, the Court should deny the Business Intervenors' motion for stay pending appeal.

Respectfully submitted,

Dated: Nov. 15, 2021

By: */s/ Daniel Pinkston*

DANIEL PINKSTON
HUBERT T. LEE
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice