HUBERT T. LEE
DANIEL PINKSTON
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
150 M Street NE, Room 4.1116
Washington, DC 20002
Hubert.lee@usdoj.gov
Daniel.pinkston@usdoj.gov
(202) 514-1806 (Lee)
(303) 844-1804 (Pinkston)

Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA AT TUCSON

| | |
|---|---|
| PASQUA YAQUI TRIBE, et al., | )<br>) Case No. 4:20-cv-00266-RM |
| Plaintiffs, | )<br>) Assigned Judge:  Hon. Rosemary Márquez |
| v. | )<br>) JOINT PROPOSAL FOR FURTHER |
| UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY, et. al., | ) PROCEEDINGS REGARDING<br>) REMAINING CLAIMS<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| ARIZONA ROCK PRODUCTS<br>ASSOCIATION, et al., | )<br>) |
| Intervenors-Defendants, | )<br>) |
| and | )<br>) |
| CHANTELL SACKETT and MICHAEL<br>SACKETT, | )<br>) |
| Intervenors-Defendants. | )<br>) |

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiffs Pascua Yaqui Tribe, et al. ("Plaintiffs"), Defendants United States Environmental Protection Agency, et al. ("Agencies"), Defendant-Intervenors Arizona Rock Products Association, et al. ("Business-Intervenors"), and Defendant-Intervenors Chantell Sackett and Michael Sackett ("Sackett"), jointly submit the following "proposal or proposals for further proceedings concerning Plaintiffs' challenge to the 2019 Repeal Rule in Count V of the Complaint," as required by the Court's Order ("Order") of August 30, 2021, ECF No. 99, at 11.  As grounds for their Joint Motion, the parties state as follows:

1.  This case involves two rules promulgated by the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers ("Corps"): (a) "The Navigable Waters Protection Rule: Definition of 'Waters of the United States,' " 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "NWPR"), and (b) the rule titled "Definition of 'Waters of the United States' – Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule").

2.  Plaintiffs filed their Complaint on June 22, 2020, ECF No. 1, challenging both the NWPR and the 2019 Rule for a variety of reasons.  Count V of the Complaint alleged that the 2019 Rule is arbitrary and capricious, an abuse of discretion, and contrary to the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*.  The Agencies answered the Complaint on September 8, 2020, ECF No. 17, and filed a certified index to the administrative record for the 2019 Rule and for the NWPR on November 16, 2020.  ECF Nos. 21, 22.

3.  On May 5, 2021, the Court granted the Business-Intervenors' motion to intervene as Defendant-Intervenors.  ECF No. 43.  On May 14, 2021, the Court granted the Sacketts' motion to intervene as Defendant-Intervenors.  ECF No. 70.

4.  On May 11, 2021, Plaintiffs filed a motion for summary judgment, asking the Court to vacate the NWPR and the 2019 Rule.  ECF Nos. 47-68.  On July 13, 2021, the Business-Intervenors filed a cross-motion for summary judgment, ECF No. 79, as did the Sacketts.  ECF No. 77.

5.  On July 2, 2021, in lieu of filing a response to Plaintiffs' motion for summary judgment, the Agencies filed a Motion for Voluntary Remand of the NWPR Without Vacatur and Motion for Abeyance of Briefing on the 2019 Rule Claims.  ECF No. 72.

6.  After briefing by the parties and oral argument, the Court issued the Order on August 30, 2021.  ECF No. 99.  The Court ordered "that the Navigable Waters Protection Rule is **vacated** and **remanded** for reconsideration to the United States Environmental Protection Agency and the United States Army Corps of Engineers."  *Id*. at 11.  Accordingly, the Court dismissed Counts I through IV of the Complaint.  *Id*.

7.  Following the Court's Order, the Agencies released a public statement explaining that they "have halted implementation of the Navigable Waters Protection Rule nationwide and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice."  *See* Current Implementation of Waters of the United States, https://www.epa.gov/wotus/current-implementation-waters-united-states (last visited Nov. 30, 2021).

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 3

8.  The Court also ordered "that within **thirty (30)** days of the date this Order is filed, the parties shall file a proposal or proposals for further proceedings concerning Plaintiffs' challenge to the 2019 Repeal Rule in Count V of the Complaint." *Id.*

9.  On September 29, 2021, the parties filed a joint motion for extension of time to submit proposals for further proceedings regarding the 2019 Rule through November 30, 2021.  ECF No. 101.  The Court granted the motion on October 1, 2021.  ECF No. 102

10.  The Agencies are in the process of a rulemaking regarding the definition of "waters of the United States" in the CWA.  They have undertaken public outreach to gather information and feedback to assist in their development of a proposed rule.  *See, e.g.*, 86 Fed. Reg. 41,911 (Aug. 4, 2021) (announcing the Agencies' plans for rulemaking and stakeholder involvement).

11.  On November 18, 2021, the Agencies signed a proposed rule to revise the definition of "waters of the United States," in which they propose to put back into place the pre-2015 definition of "waters of the United States," updated to reflect consideration of Supreme Court decisions ("Proposed Rule").  A pre-publication copy of the Proposed Rule is found at https://www.epa.gov/wotus/revising-definition-waters-united-states (last visited Nov. 30, 2021) (the Proposed Rule has not yet been published in the Federal Register).

12.  On October 25, 2021, the Business-Intervenors filed a notice of appeal of the Order and a motion for stay pending appeal.  ECF Nos. 104-106.  The motion for stay pending appeal has not yet been decided by the Court.  Business-Intervenors believe that Claim V relating to the 2019 Rule should be dismissed pursuant to Fed. R. Civ. P.

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 4

12(b)(6) ("failure to state a claim upon which relief can be granted") because the Court cannot grant Plaintiffs any additional relief outside of the relief that it has already granted.  Notwithstanding this belief, Business-Intervenors have conferred with the other parties on the most efficient course for this case in light of Plaintiffs' refusal to dismiss Claim V and agree with the proposal set forth below.

13.  The parties have consulted with each other and jointly concluded that the most efficient course for this case is to hold Plaintiffs' remaining claims regarding the 2019 Rule in abeyance pending publication in the Federal Register of a final rule regarding the Proposed Rule or a decision by the Agencies not to proceed with the rulemaking.  The parties propose that the Court order them to submit a proposal or proposals for further proceedings within 21 days after whichever event first occurs.  Each party reserves the right to move the Court to lift or extend the abeyance prior to the end of the abeyance period if circumstances warrant.

14.  Holding further proceedings in abeyance would serve the interests of both judicial efficiency and conservation of the parties' resources.

WHEREFORE, the parties respectfully request that the Court enter an order (a) holding further proceedings on Plaintiffs' remaining claims in abeyance pending the earlier of publication of a final rule regarding the Proposed Rule in the Federal Register or the Agencies' determination to terminate the rulemaking regarding the Proposed Rule and (b) directing the parties to submit a proposal or proposals regarding further proceedings within 21 days after whichever event first occurs.

Respectfully submitted this 30th day of November, 2021.

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 5

1

2   *Counsel for Plaintiffs Pascua Yaqui Tribe,
    Quinault Indian Nation, Fond du Lac Band of
    Lake Superior Chippewa, Menominee Indian
3   Tribe of Wisconsin, Tohono O'odham Nation,
    and Bad River Band of Lake Superior
4   Chippewa*

5   */s/ Stuart C. Gillespie*
    Stuart C. Gillespie, CO # 42861
6   Alexandra O. Schluntz, MA # 704320
    EARTHJUSTICE
7   633 17th Street, Suite 1600
    Denver, CO 80202
8   (303) 996-9616
    sgillespie@earthjustice.org
9

10  Janette K. Brimmer, WSBA # 41271
    EARTHJUSTICE
11  810 Third Avenue, Suite 610
    Seattle, WA  98104
12  (206) 343-7340
    jbrimmer@earthjustice.org
13

14  *Counsel for Defendants:*

15  */s/ Daniel Pinkston*
    DANIEL PINKSTON
16  HUBERT T. LEE
    United States Department of Justice
17  Environment and Natural Resources Division
    Environmental Defense Section
18

19  *Counsel for Business Intervenor-Defendants:*

20  */s/ Bradley J. Glass*
    D. Lee Decker (Bar No. 013202)
21  Bradley J. Glass (Bar No. 022463)
    Stuart S. Kimball (Bar No. 026681)
22  GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
23  Phoenix, AZ  85106-9225
    Telephone:  (602) 530-8000
24  Facsimile:  (602) 530-8500

25

26

27

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 6

dld@gknet.com
brad.glass@gknet.com
stuartkimball@gknet.com

*Counsel for Defendants-Intervenors Chantell and Michael Sackett:*

*/s/ Charles T. Yates*
CHARLES T. YATES, Cal. Bar No. 327704*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
cyates@pacificlegal.org

JAMES M. MANLEY, Ariz. Bar No. 031820
Pacific Legal Foundation
3241 Shea Boulevard, # 108
Phoenix, AZ 85028
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
jmanley@pacificlegal.org

*pro hac vice

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on November 30, 2021, I electronically transmitted the

3

foregoing to the Clerk of Court using the ECF system for filing and transmittal of a notice

4

of electronic filing to registered counsel for all parties.

5

*/S/ DANIEL PINKSTON*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT PROPOSAL FOR FURTHER PROCEEDINGS - 8