1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9    Pasqua Yaqui Tribe, et al.,                       No. CV-20-00266-TUC-RM

10                    Plaintiffs,                       **ORDER**

11   v.

12   United States Environmental Protection
     Agency, et al.,

13

14                    Defendants.

15          Plaintiffs Pascua Yaqui Tribe, Quinault Indian Nation, Fond du Lac Band of Lake

16   Superior Chippewa, Menominee Indian Tribe of Wisconsin, Tohono O'Odham Nation,

17   and Bad River Band of Lake Superior Chippewa initiated this action on June 22, 2020,

18   challenging two final rules promulgated by the United States Environmental Protection

19   Agency and the United States Army Corps of Engineers (collectively, "Agencies").

20   (Doc. 1.)  The first, entitled "Definition of 'Waters of the United States'—Recodification

21   of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019), repealed the 2015 "Clean

22   Water Rule."  The second, entitled "The Navigable Waters Protection Rule: Definition of

23   'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR"),

24   established a new definition of the phrase "waters of the United States" in the Clean

25   Water Act.

26          On August 30, 2021, the Court vacated the NWPR and remanded it to the

27   Agencies for reconsideration. (Doc. 99.)  Defendant-Intervenors Arizona Rock Products

28   Association; National Stone, Sand, and Gravel Association; Arizona Cattle Feeders

Association; Home Builders Association of Central Arizona; Arizona Farm and Ranch Group; Arizona Farm Bureau; and Arizona Chapter Associated General Contractors (collectively, "Business Intervenors") filed a Notice of Appeal (Doc. 106) and a Motion for Stay (Doc. 104), seeking a stay of the Court's August 30, 2021 Order pending their appeal.

On January 4, 2022, the Business Intervenors filed a Motion to Withdraw Motion for Stay. (Doc. 117.) In the Motion to Withdraw, the Business Intervenors state that they have moved to voluntarily dismiss their appeal and that their Motion for Stay is therefore moot. (*Id.*) The Business Intervenors accordingly move to withdraw their Motion for Stay, and they aver that the Motion to Withdraw is unopposed. (*Id.*)

Good cause appearing, and there being no objection,

**IT IS ORDERED** that the Business Intervenors' Motion to Withdraw (Doc. 117) is **granted**.

**IT IS FURTHER ORDERED** that the Business Intervenors' Motion for Stay (Doc. 104) is **withdrawn**.

Dated this 5th day of January, 2022.

_____
Honorable Rosemary Márquez
United States District Judge